448 So.2d 2 (1983)
Pamela WHITE, Appellant,
v.
HILLSBOROUGH COUNTY HOSPITAL AUTHORITY and John L. Vanderschilden, M.D., Appellees.
No. 82-2653.
District Court of Appeal of Florida, Second District.
July 15, 1983.
Rehearing Denied September 8, 1983.
Mary Ann Stiles of Stiles & Livingston, P.A., and David B. Webster of Rood & Webster, Tampa, for appellant.
Michael N. Brown of Allen, Dell, Frank & Trinkle, Tampa, for appellee Vanderschilden.
SCHEB, Judge.
Appellant challenges the trial court's order upholding the constitutionality of section 768.28(9), Florida Statutes (Supp. 1980), which precludes negligence actions against state employees acting within the scope of their employment. We affirm.
Appellant Pamela White alleged that she suffered injuries from a surgical procedure performed on her in August 1980 in Tampa General Hospital which is operated by Hillsborough County Hospital Authority. Appellant charged that her injuries resulted from the negligence of John L. Vanderschilden, M.D., while he was acting in the scope of his employment with the appellee hospital.
The trial court granted Dr. Vanderschilden's motion to dismiss and entered final judgment in his favor on the basis of section 768.28(9). That statute bars a suit against an officer or employee of the state or any of its subdivisions where the employee is acting in the scope of employment, unless he or she acted with malicious purpose or with wanton and willful disregard of another's rights. The trial court's *3 order expressly upheld the constitutionality of section 768.28(9).[1]
Appellant forcefully argues that she has been deprived of her right to "redress of any injury" guaranteed by Article I, section 21, of the Florida Constitution. She contends that section 768.28(9) is unconstitutional, because it makes suit against the state the exclusive remedy and eliminates any cause of action for simple negligence against state employees acting within the scope of their employment. The legislature's failure to provide reasonable alternatives for recovery by an injured person, she claims, renders the statute unconstitutional. She relies principally on Kluger v. White, 281 So.2d 1 (Fla. 1973). In Kluger the supreme court held that absent "overpowering public necessity" the legislature may not take away a vested right without providing a reasonable alternative "to protect the rights of the people of the State to redress for injuries."
We are not persuaded by appellant's argument. Strong policy reasons support the legislative immunization of state employees from personal liability. State, Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981). Here, the right of an injured party to seek redress has not been abolished. Rather, the legislature has merely substituted the state and its agencies, which previously could not be sued because of sovereign immunity, for the individuals who could have been sued. Knowles. Thus, appellant's cause of action has not been destroyed but has been converted to an action against a state agency.
Appellant further points out that since her exclusive remedy is against the state, a negligent employee cannot be held personally liable for a judgment in excess of the monetary limits imposed by statute on the state's liability. In effect, appellant's cause of action has been limited by a cap of $50,000 per claimant/$100,000 per occurrence. § 768.28(5), Fla. Stat. (Supp. 1980).[2] While this is a matter of concern, it is not a sufficiently compelling reason to render the statute unconstitutional. As discussed in Kluger, even where a cause of action is reduced, as opposed to being destroyed, it is not essential that the legislature provide a substitute remedy. See Jetton v. Jacksonville Electric Authority, 399 So.2d 396 (Fla. 1st DCA), petition for review denied, 411 So.2d 383 (Fla. 1981).
As noted, appellant's claim relates to incidents which occurred in August 1980. We hold that under section 768.28(9), which became effective June 30, 1980, Dr. Vanderschliden is personally immune from suit for ordinary negligence in performance of his governmental employment, and appellant's action may be maintained only against the governmental entity. We affirm the trial court's holding that section 768.28(9) is constitutional.
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.
NOTES
[1] Appellant declined the opportunity to amend to allege that Dr. Vanderschilden acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property.
[2] Appellant may seek reimbursement from the legislature for damages in excess of the statutory limits. § 768.28(5), Fla. Stat.