449 So.2d 956 (1984)
Joyce M. TADDIKEN and Frank Taddiken, Appellants,
v.
FLORIDA PATIENT'S COMPENSATION FUND, Appellee.
Nos. 83-1478, 83-1541.
District Court of Appeal of Florida, Third District.
May 8, 1984.
Rehearing Denied July 17, 1984.
McClellan & Vostrejs, Ocala, and Robert Brake, Coral Gables, for appellants.
Lanza, Sevier, Womack & O'Connor, Coral Gables, and Judith A. Bass, Miami, for appellee.
*957 Before SCHWARTZ, C.J.,[*] and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
This is an appeal from a final judgment on the pleadings in favor of the Florida Patient's Compensation Fund. Judgment was entered for the Fund based upon a finding that it was joined more than two years after the cause of action accrued and thus was barred by the applicable statute of limitations. We affirm.
On June 13, 1980, an action was brought by Mrs. Taddiken against the doctors and hospital based upon alleged malpractice which occurred on June 16, 1978 and was discovered in October of 1978. Plaintiff alleges that it was not until May 1981 that she first discovered that she had a cause of action against the Fund, and in September 1981 she amended her complaint to join the Fund as a party.
The plaintiff, in opposition to the entry of a judgment on the pleadings, argues: (1) the Fund acts as an insurer and therefore the cause of action against it does not arise until a judgment is entered; (2) the two-year statute of limitations provided by section 95.11(4)(b), Florida Statutes (1977) is not applicable to the Fund; and (3) she has been denied access to court because she was unaware of her claim until after the statute of limitations had run.
We must commence our discussion of the issues presented by looking to the statutory provisions regarding the claims procedure against the Fund. Section 768.54(3)(e), Florida Statutes (1979) provides, in pertinent part:
1. Any person may file an action against a participating health care provider for damages covered under the fund, except that the person filing the claim shall not recover against the fund unless the fund was named as a defendant in the suit. The fund is not required to actively defend a claim until the provisions of s. 768.44 are completed or waived, suit is instituted, and the fund is named therein. If, after the facts upon which the claim is based are reviewed, it appears that the claim will exceed $100,000 or, if greater, the amount of the health care provider's basic coverage, the fund shall appear and actively defend itself when named as a defendant in the suit.
Interpreting this statute, this court, in Mercy Hospital, Inc. v. Menendez, 371 So.2d 1077 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1198 (Fla. 1980), concluded that the plaintiffs have the burden of making the Fund a party in any suit where recovery is sought against a health care provider in excess of $100,000. Once the Fund is named and it has determined that the claim may exceed $100,000, it has the obligation to appear and actively defend itself.
Plainly, these requirements are inconsistent with the plaintiff's contention that the Fund acts as an insurer who need not be joined until after judgment against the insured. Accord Owens v. Florida Patient's Compensation Fund, 428 So.2d 708 (Fla. 1st DCA), pet. for review denied, 436 So.2d 100 (Fla. 1983); see also Florida Patient's Compensation Fund v. Mercy Hospital, Inc., 419 So.2d 348 (Fla. 3d DCA 1982). We conclude therefore that for purposes of the statute of limitations the Fund does not act as an insurer.
The question that remains then is what is the applicable statute of limitations. The Fund, of course, argues that the two-year limitation provision for those in privity with health care providers is applicable, see § 95.11(4)(b), while the plaintiff argues that the claim falls under the four-year limitation period as an action for negligence, § 95.11(3)(a), or for statutory liability, § 95.11(3)(f), or an action not provided for elsewhere, § 95.11(3)(p).
In our view, the Fund's position is the correct one. There is no definition of privity which can be applied in all cases, Tallahassee Variety Works v. Brown, 106 Fla. 599, 144 So. 848, 852 (1932), and in fact, the meaning will vary according to the purpose for which the theory is invoked. Generally, however, privity refers to a mutual or successive relationship to the same right. Osburn v. Stickel, 187 So.2d 89 (Fla. 3d DCA 1966). In the present case, there is a mutuality of interest which exists between a health care provider and the Fund which extends to the lawsuit itself, the alleged claims of medical malpractice and the damages claimed. The very relationship which exists between the Fund *958 member and the Fund is the underlying reason for the legislature's mandate that the Fund must be joined as a defendant in the lawsuit. To conclude otherwise and require a two-year statute of limitations for the Fund member but a four-year statute of limitations for the Fund itself would create the possibility that the litigation would be nearly concluded before the statute of limitations would bar the Fund's joinder. Burr v. Florida Patient's Compensation Fund, 447 So.2d 349 (Fla. 2d DCA 1984). Such a result would seriously impair the Fund's right to defend the case. Thus, we hold that the Florida Patient's Compensation Fund is in privity with the health care provider so that the two-year statute of limitations provision is applicable. Accord Owens; Burr.
Finally, we briefly address plaintiff's contention that she has been denied access to court because she was unaware of her claim until after the statute of limitations had run. We recognize that our supreme court has held that the statute of limitations may not bar a cause of action before it has accrued, Diamond v. E.R. Squibb & Sons, Inc., 397 So.2d 671 (Fla. 1981), but that is not the situation presented here. This plaintiff has alleged that she was aware of her cause of action for medical malpractice in October, 1978, and thus, at the latest, her cause of action accrued on that date. § 95.11(4)(b).[1] During the next two years she instituted suit against the health care providers, which action is still viable. To preclude her at this point from joining the Fund does not bar her claim, it merely limits the amount of recovery which may be obtained. Such action does not constitute denial of access to court. See Cauley v. City of Jacksonville, 403 So.2d 379 (Fla. 1981).
Based on the foregoing, we affirm.

ON MOTION FOR REHEARING
PER CURIAM.
The appellants' motion for rehearing is denied. However, we hereby certify to the Supreme Court of Florida that the decision in this case involves the following question of great public importance:
Whether a claim against the Florida Patient's Compensation Fund arises at the time of the alleged medical malpractice, rather than when judgment is entered against the tortfeasor, and is governed by the two year statute of limitations provided by Section 95.11(4)(b), Florida Statutes (1977), so that the Fund must be made or joined as a party defendant within two years after the malpractice action accrues?
NOTES
[*] Chief Judge Schwartz did not hear oral argument.
[1] Insofar as an action for medical malpractice must be commenced within two years from the time the incident is discovered, § 95.11(4)(b), the date on which the plaintiff discovered the existence of the Fund is irrelevant. In any event we have difficulty accepting plaintiff's argument that she had no reason to know that the defendants were Fund members prior to the running of the statute of limitations in light of the statutory requirement that the Fund's records be open to the public for inspection. § 768.54(3)(d)2., Fla. Stat. (1979).