SHARP, Judge.
We deny the petition for writ of certiora-ri filed by the Florida Patient’s Compensation Fund because we find that the trial court did not err in applying the four year *343 statute of limitations[1] to a malpractice claim against the Fund.
This court recently held in a civil case if a statute of limitations bars the bringing of a lawsuit, this matter may be reviewed by petition for writ of prohibition.[2] Had we determined that the two year statute[3] applied here, we would have granted relief by treating the petition for certiorari as one for a writ of prohibition.[4]
In Taddiken v. Florida Patient’s Compensation Fund, 449 So.2d 956 (Fla. 3rd DCA 1984), the third district concluded that although the Fund does not act as an insurer for purposes of applying a statute of limitations, it is in privity with the health care provider. Accordingly, it applied the two year statute of limitations[5] to the Fund, which was applicable to the health care provider in that case. The court reasoned that
there is a mutuality of interest which exists between a health care provider and the Fund which extends to the lawsuit itself, the alleged claims of medical malpractice and the damages claim. The very relationship which exists between the Fund member and the Fund is the underlying reason for the legislature’s mandate that the Fund must be joined as a defendant in the lawsuit. To conclude otherwise and require a two-year statute of limitations for the Fund member but a four-year statute of limitations for the Fund itself would create the possibility that the litigation would be nearly concluded before the statute of limitations would bar the Fund’s joinder. Burr v. Florida Patient’s Compensation Fund, 447 So.2d 349 (Fla. 2d DCA 1984). Such a result would seriously impair the Fund’s right to defend the case.
Taddiken at 958.
The hospital in Taddiken was a private hospital. However, the hospital involved in this case, Cape Canaveral Hospital Foundation, Inc., is a tax district hospital and, therefore, it is a state agency. The applicable statute of limitations for a hospital which is a state agency is four years. Whitney v. Marion County Hospital District, 416 So.2d 500 (Fla. 5th DCA 1982). It would be illogical to have different statutes of limitations applied to the Fund and to the health care provider, whether the Fund’s is shorter or longer. See Burr.
Therefore, because the applicable statute of limitations for the health care provider in this case is four years, we hold that the same statute applies to the Fund.
PETITION DENIED.
DAUKSCH, J., concurs.
FRANK D. UPCHURCH, Jr., J., concurs specially without opinion.

. § 768.28(11), Fla.Stat. (1983).

. Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984).

. § 95.1 l(4)(b), Fla.Stat. (1983).

. Fla.R.App.P. 9.040(c).

. § 95.11(4)(b), Fla.Stat. (1981).