459 So.2d 1154 (1984)
Jason Edward BRYANT, Etc., Appellants,
v.
DUVAL COUNTY HOSPITAL AUTHORITY, et al., Appellees.
No. AX-204.
District Court of Appeal of Florida, First District.
November 28, 1984.
J. Lawrence Smith of Kopelousos, Head, Townsend & Metcalf, and Smith & Parker, Orange Park, for appellants.
James R. Barfield of Cowles, Hayden, McMorrow & Barfield, Jacksonville, for appellees.
JOANOS, Judge.
In this appeal from a summary final judgment in a medical malpractice action appellants contend that Dr. Alfonso Bremer should not be afforded immunity under *1155 section 768.28(9)(a), Florida Statutes (1981). We disagree and affirm.
In their complaint, appellants alleged that Dr. Bremer's negligence in leaving an endotrachael tube inserted for nineteen days caused Jason Bryant's stenosis of the larynx and vocal cords. It was alleged that the alleged negligence was committed in the course and scope of Dr. Bremer's employment with the University Hospital Academic Fund (Fund), a tax-exempt, private corporation which supports medical education by providing specialists for Jacksonville area hospitals.
Dr. Bremer, chairman of neurosurgery at University Hospital, was Jason Bryant's attending physician in 1980. As a full-time staff physician employed by the Duval County Hospital Authority, d/b/a University Hospital, Dr. Bremer's base salary is paid by University Hospital and supplemented by the Fund. The Fund provides billing services for physicians, collecting upon patients' bills and using the income for medical education services. The primary source of income is from private and insured patients. Part of the money is used to supplement the base salary paid by the hospital. There is, however, no relationship between the number of patients treated and an individual physician's supplement from the Fund. Dr. Bremer's total salary was determined when he was hired by University Hospital. He received no monies from other sources for his professional services.
While undisputed that Dr. Bremer is a staff physician at University Hospital, appellants argue that his relationship with the Fund is in the nature of employee and employer and precludes his asserting the immunity afforded by section 768.28(9)(a), Florida Statutes (1981). Section 768.28(9)(a) provides that no employee of the state or its subdivisions is personally liable in tort for ordinary negligence in the scope of his employment. A state employee is personally liable for actions outside the scope of his employment or for actions in bad faith, with malice or with willful and wanton disregard of human rights, safety or property. Examining the record, we find nothing which would indicate an employee and employer relationship exists between Dr. Bremer and the Fund. Common law considerations in determining the existence of an employer and employee relationship were the selection and engagement of the servant, the payment of wages, the power of dismissal, and the right of control over the servant's conduct. The essential element was the right of control; the least determinative was the payment of wages. 2 Fla.Jur.2d 297, Agency and Employment § 121. While Dr. Bremer received supplemental salary and other benefits from the Fund, no allegation or evidence shows that the Fund was involved in selecting and hiring him, that the Fund has the power to dismiss him, or, most importantly, that the Fund has a right of control over Dr. Bremer's conduct. Under the facts of this case, we can find no genuine issue as to Dr. Bremer's employee status with University Hospital which would preclude summary judgment. Absent an allegation of bad faith, malice, or willful and wanton actions, Dr. Bremer would be personally immune for ordinary negligence within the scope of his employment with University Hospital. White v. Hillsborough County Hospital Authority, 448 So.2d 2 (Fla. 2nd DCA 1983).
Appellants next argue that section 768.28(9)(a) is unconstitutional as applied in this case. As reflected in the trial court's order, the constitutionality of section 768.28(9) has been recognized. State, Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981); White, supra. We concur in the Second District Court of Appeal's decision in the White case and see nothing in this case to take it out from under that determination of constitutionality.
Accordingly, the summary final judgment is AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.