PER CURIAM.
The summary judgment for the Florida Patient’s Compensation Fund, entered because the Fund was joined as a defendant more than two years after the incident in question, is affirmed on the authority of Robison v. Florida Patient’s Compensation Fund, 458 So.2d 1225 (Fla. 3d DCA 1984); Fabal v. Florida Keys Memorial Hospital, 452 So.2d 946 (Fla. 3d DCA 1984); Lugo v. Florida Patient’s Compensation Fund, 452 So.2d 633 (Fla. 3d DCA 1984); and Taddiken v. Florida Patient’s Compensation Fund, 449 So.2d 956 (Fla. 3d DCA 1984). We again certify that this decision involves a question of great public importance[1] and is in direct conflict with Florida Patient’s Compensation Fund v. Tillman, 453 So.2d 1376 (Fla. 4th DCA 1984).
Affirmed.

. “Whether a claim against the Florida Patient’s Compensation Fund arises at the time of the alleged medical malpractice, rather than when judgment is entered against the tortfeasor, and is governed by the two year statute of limitations provided by Section 95.-11(4)(b), Florida Statutes (1977), so that the Fund must be made or joined as a party defendant within two years after the malpractice action accrues?"