Mr. Lewis W. Fishman General Counsel Lower Florida Keys Hospital District Dadeland Towers South, Suite 420 9400 South Dadeland Boulevard Miami, Florida 33156
Dear Mr. Fishman:
This is in response to your request for an opinion on substantially the following question:
 DO THE MEMBERS OF THE BOARD OF COMMISSIONERS OF THE LOWER FLORIDA KEYS HOSPITAL DISTRICT HAVE POTENTIAL PERSONAL LIABILITY, IN AN ACTION FILED PURSUANT TO s. 768.28, F.S., AS AMENDED BY CHS. 86-183 AND 86-184, LAWS OF FLORIDA, EITHER INDIVIDUALLY OR COLLECTIVELY, FOR ACTIONS TAKEN IN GOOD FAITH AND IN THE COURSE AND SCOPE OF PERFORMING THEIR OFFICIAL DUTIES AS MEMBERS OF SUCH BOARD?
For the following reasons, it is my opinion that this question should be answered in the negative.
Your letter of inquiry notes that the Lower Florida Keys Hospital District (hereinafter "District") is a special taxing district created by Ch. 67-1724, Laws of Florida, as amended. In your letter and in a subsequent communication with this office you stated that the individual board members are concerned about liability in tort in an action filed pursuant to s. 768.28, F.S., as amended by Chs. 86-183 and 86-184, Laws of Florida, for actions taken in their roles as members of the board of commissioners.
Section 13, Art. X, State Const., states that the Legislature may provide by general law for bringing suit against the state. See also, Davis v. Watson, 318 So.2d 169 (4 D.C.A.Fla., 1975); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); AGO 75-61. Section 768.28, F.S., as amended, accomplishes a limited waiver of sovereign immunity and provides in pertinent part that in accordance with s. 13, Art. X, State Const., the state, for itself and for its agencies or subdivisions, waives sovereign immunity for liability for torts, but only to the extent specified in that act. The statute provides that actions at law against the state or any of its agencies or subdivisions may be prosecuted, subject to the limitations specified in the act, to recover damages in tort for money damages for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state. Such an action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such a county for the transaction of its customary business, where the cause of action accrued. See also, s. 768.28(5), F.S., establishing the monetary limitations of the state's waiver. "State agencies or subdivisions" as used in the statute is expressly defined to include, inter alia, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities." Section 768.28(2), F.S.
Subsection (9)(a) of s. 768.28, F.S., as amended, provides that
 [n]o officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . (e.s.)
Subsection (9)(a) goes on to provide that the exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions, however, shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. See also, s. 111.07, F.S. And see, for discussion of willful or malicious conduct within the meaning of s. 768.28(9), Hambley v. State, Department of Natural Resources, 459 So.2d 408 (1 D.C.A.Fla., 1984); District School Board of Lake County v. Talmadge, 381 So.2d 698, 702 (Fla. 1980); Bryant v. Duval County Hospital Authority, 459 So.2d 1154 (1 D.C.A.Fla., 1984); White v. Hillsborough County Hospital Authority, 448 So.2d 2 (2 D.C.A.Fla., 1983).
The District, established by special act of the Legislature, is included within the definitional purview of s. 768.28(2), supra, and thus is subject to the provisions of s. 768.28(1)-(15). E.g., Florida Patient's Compensation Fund v. S.L.R., 458 So.2d 342 (5 D.C.A.Fla., 1984); Whitney v. Marion County Hospital District,416 So.2d 500 (5 D.C.A.Fla., 1982); AGO's 75-294; 78-42. In AGO 84-87, I concluded that the general tort liability of a hospital district or its governing board is controlled by s. 768.28, F.S., and that the officers, employees or agents of the district are not personally liable in tort for injuries or damages suffered as a result of any act, event or omission of action in the scope of their employment or function; rather, the exclusive remedy for any such injury or damages is by action against the hospital district or its governing board. See also, AGO's 81-57; 81-81. Therefore, insofar as the personal liability of the members of the board of commissioners is concerned, since the express language of subsection (9)(a) of s. 768.28, F.S., as amended, stipulates that such officers shall not be held personally liable in tort as a result of any act, event or omission of action in the scope of his employment or function, unless such officer acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, I am of the opinion that these board members could not be held personally liable, either individually or collectively, for actions taken in good faith and in the course and scope of performing official duties as members of the hospital district board.
In summary, it is my opinion, pursuant to the express provisions of s. 768.28, F.S., as amended, that the members of the board of commissioners of the Lower Florida Keys Hospital District are not personally liable for actions taken in good faith and in the course and scope of performing official duties as members of the hospital district board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General