504 So.2d 1313 (1987)
Richard F. DeROSA, and Kerry C. DeRosa, His Wife, Appellants,
v.
SHANDS TEACHING HOSPITAL & CLINICS, INC., James A. Hill, M.D., and Gary Lane, M.D., and Florida Board of Regents, Appellees.
No. BN-25.
District Court of Appeal of Florida, First District.
March 16, 1987.
Rehearing denied April 21, 1987.
*1314 Diana Santa Maria, of Sheldon J. Schlesinger, P.A., Ft. Lauderdale, for appellants.
John D. Jopling, of Dell, Graham, Willcox, Barber, Henderson & Cates, Gainesville, for appellees.
WENTWORTH, Judge.
Appellants seek review of orders granting summary judgment to appellees Hill and Lane on the basis of their entitlement to sovereign immunity in the context of a medical malpractice suit. Appellants raise two issues on appeal: 1) whether the lower court was precluded under the "law of the case" doctrine from reconsidering issues addressed in a prior appeal of this case; and 2) whether the lower court erred in finding as a matter of law that appellees were entitled to sovereign immunity under section 768.28(9), Florida Statutes. We find the "law of the case" doctrine inapplicable to the facts of this case, and we conclude that appellees were entitled as a matter of law to sovereign immunity under section 768.28(9), Florida Statutes. We therefore affirm the orders granting summary judgment.
Appellant Richard DeRosa was a patient undergoing a cardiac catheterization procedure at Shands Hospital, Inc. when he suffered serious permanent injury. Doctors Hill and Lane, fellows in the College of Medicine at the University of Florida, assisted during the operation as physicians in training under the supervision of Dr. Robert Feldman, a faculty member of the College of Medicine and staff member at Shands. Appellant and his wife filed suit in 1983, alleging that Doctors Feldman, Hill and Lane were agents or employees of Shands, Inc., a private nonprofit corporation. Doctors Hill and Lane filed motions for summary judgment, asserting that they were employees of the state and entitled to sovereign immunity under section 768.28(9), Florida Statutes. Prior to the hearing on the motions, appellants sought to depose Dr. Lane, but the lower court denied their motion for continuance and granted appellees' motions for summary judgment. In a prior appeal of this case, this court reversed the orders granting summary judgment, and remanded the case, finding that the lower court had abused its discretion in not affording appellants the opportunity to depose Dr. Lane prior to ruling on the motions for summary judgment, and that, at that stage of discovery, material fact issues existed to preclude entry of summary judgment. DeRosa v. Shands Teaching Hospital and Clinic, Inc., 468 So.2d 415 (Fla. 1st DCA 1985). In his subsequent deposition, Dr. Lane stated that he received a paycheck from the Veterans Administration Hospital for services he performed at that hospital and at Shands. Dr. Hill had stated in his deposition that he received a paycheck from the State of Florida for services he performed at Shands and the Veterans Administration Hospital. Following Dr. Lane's deposition, Doctors Hill and Lane filed renewed motions for summary judgment, again asserting *1315 their entitlement to sovereign immunity.
The "law of the case" doctrine did not preclude the lower court from reconsidering the sovereign immunity issue. In the prior appeal of this case, this court determined only that the lower court had erred in granting the motions for summary judgment before appellants were afforded an opportunity to depose Dr. Lane.
Section 768.28(9)(a), Florida Statutes, provides that no employee of the state or its subdivisions is personally liable in tort for ordinary negligence in the scope of employment. This court previously determined that Shands Teaching Hospital and Clinics, Inc. is not a state agency or a corporation primarily acting as an instrumentality or agency of the state. Shands v. Lee, 478 So.2d 77 (Fla. 1st DCA 1985). Under an agreement between Shands and the University of Florida College of Medicine, Shands is to provide a hospital setting in which the university's resident physicians can obtain medical training under the supervision of university faculty members. The agreement provides that the university is to assign a specific number of resident physicians to fill positions at Shands. Shands, in return, is to pay the university for the patient care services provided and provide professional liability insurance coverage and funding to support a health insurance program for the resident physicians. Under the terms of the agreement, all university faculty and resident physicians providing services at Shands may claim sovereign immunity under section 768.28(9), Florida Statutes, as employees of the state.
A primary test for determination of employment status has been the control or right to control the alleged employee's work. Hollis v. School Board of Leon County, 384 So.2d 661 (Fla. 1st DCA 1980). Factors considered to determine the existence of an employer and employee relationship included the selection and engagement of the employee, the payment of wages, the power of dismissal, and the right of control over conduct. The least determinative factor may be the bare payment of wages. 2 Fla.Jur.2d 297, Agency and Employment, section 121. Under the terms of the agreement between Shands and the university, university faculty members directly control and supervise patient care services provided by the university's physicians in training at Shands. The record shows that Shands does not keep work records on physicians in training, and the university alone selects residents and fellows for training positions at Shands. The university alone has power to dismiss physicians in training. The authority retained by Shands is simply the right to restrict personnel practicing medicine at the hospital to university faculty and physicians in training.
The record here therefore establishes that appellees were employee-agents of the state and, as such, entitled to sovereign immunity under section 768.28(9), Florida Statutes. We are presented with no compelling authority or rationale by which that entitlement can be denied because the funds Shands uses to pay for resident physicians' services, and health and professional liability insurance coverage, are derived from private patient fees.
The orders are affirmed.
WIGGINTON and NIMMONS, JJ., concur.