STONE, Judge.
This is an appeal from a summary judgment in favor of a doctor in a medical malpractice action. The defendant is a salaried staff employee at a public hospital. The plaintiffs contend that section 768.-28(9)(a), Florida Statutes, does not confer sovereign immunity on doctors employed by a public hospital. That statute provides that officers, employees, and agents of the state or its subdivisions shall not be personally liable for negligence committed within the scope of their employment.
The statute contains the following additional provisions:
(b) As used in this subsection, the term: 1. “Employee” includes any volunteer firefighter
2. “Officer, employee or agent” includes, but is not limited to, any public *546 defender or his employee or agent, including, among others, an assistant public defender and an investigator.
§ 768.28(9)(b), Fla.Stat. (1985) In 1986, section 768.28 was amended to add:
(10)(a) Health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system shall be considered agents of the State of Florida, Department of Corrections, for the purposes of this section....
§ 768.28(10)(a), Fla.Stat. (Supp.1986).
The appellant argues that traditional principles of statutory construction support the conclusion that the legislature did not intend to extend immunity to medical professionals other than those providing services to the Department of Corrections. Appellant also contends that the application of the statute to physicians is against public policy.
Several appellate courts have already recognized that the statute affords immunity to physicians employed by the state. See DeRosa v. Shands Teaching Hospital & Clinics, Inc., 504 So.2d 1313 (Fla. 1st DCA 1987); Jaar v. University of Miami, 474 So.2d 239 (Fla. 3d DCA 1985) (en banc), rev. denied, 484 So.2d 10 (Fla.1986); Bryant v. Duval County Hospital Authority, 459 So.2d 1154 (Fla. 1st DCA 1984); White v. Hillsborough County Hospital Authority, 448 So.2d 2 (Fla. 2d DCA), cause dismissed, 443 So.2d 981 (Fla.1983). And, in Public Health Trust of Dade County v. Valcin, 507 So.2d 596, 601 (Fla. 1987), the supreme court noted in an action against a public hospital, that the operating employee/doctor had been properly dismissed under the immunity provisions of the statute.
There is no reason to interpret the provisions, which insure that the protection of the act extends to volunteer firefighters, public defenders and outside prison health care providers, as limiting the all inclusive language of the statute. Nor is there any reason to consider physicians apart from other professional state employees. The language of the statute is clear and unambiguous. There are other public policy concerns which the legislature has resolved by the broad, non-exclusive language in the statute, protecting all state employees from personal liability for simple negligence occurring in the scope of their public employment. See State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla.1981).
The judgement of the trial court is, therefore, affirmed.
ANSTEAD and DELL, 33., concur.