DOWNEY, Judge.
This is a timely appeal from a partial final summary judgment entered in favor of Mark Tomback, M.D., and his professional association, appellees, in a wrongful death/medical malpractice action brought by the parents of an infant who died shortly after birth at South Broward Hospital District d/b/a Memorial Hospital.
Dr. Tomback moved for summary judgment on two grounds: 1) no evidence of his negligence or no evidence of a causal relationship between any negligence on his part and the infant’s death, and 2) sovereign immunity as a state agent under section 768.28(9)(a), Florida Statutes (1983), because he performed the Cesarean section as a staff member and agent of Memorial Hospital. The hospital has appealed in the event the judgment was entered on sovereign immunity, and the parents have appealed in the event that it was entered based on either or both grounds.
The trial court did not state the basis upon which it entered the partial summary judgment in favor of Dr. Tomback. Nevertheless, regardless of the basis relied upon by the trial court, we hold summary judgment was premature as there appear to be genuine issues of material fact remaining that preclude resort to the summary judgment rule.
There are conflicts and discrepancies in the evidence regarding many of the vital actions that occurred on the evening of the unfortunate child’s demise. For example, the time of admission of the mother to the hospital; the time when various consent forms were signed; the time when Dr. Tomback was called; and the instructions given by him. These time frames are of utmost importance here because there is expert testimony that, had the child been delivered earlier, it would have enhanced the child’s chances of survival.
Likewise, there are genuine issues of material fact relative to Dr. Tomback’s relationship to the hospital, i.e., as agent or independent contractor. The fact that, as a staff member, he was required to be “on call” on this particular evening and care for whosoever appeared at the hospital in need does not ipso facto make Tomback the hospital’s agent. As is usually the case, the question of agency turns upon the degree of control exercised by the hospital over the doctor. See Bryant v. Duval County Hospital Authority, 459 So.2d 1154 (Fla. 1st DCA 1984). These are fact questions that are not resolved in this record.
Accordingly, we reverse the summary judgment entered in favor of appellee and remand the cause for further appropriate proceedings.
DELL, J., and MARTIN, KAREN L., Associate Judge, concur.