Ms. Betty McKendree Chairperson Board of Trustees Nassau General Hospital 1700 East Lime Street Fernandina Beach, Florida 32034
Dear Ms. McKendree:
You have asked substantially the following questions:
 1. Is the Nassau General Hospital, established pursuant to special act of the Legislature, covered by the provisions of s. 768.28, F.S. (1988 Supp.)?
 2. If so, are the employees and physicians of the hospital covered by the provisions of s. 768.28, F.S. (1988 Supp.), while acting within the scope of their employment?
 3. To what extent does s. 768.28, F.S. (1988 Supp.), waive sovereign immunity?
In sum, I am of the opinion that:
 1. The Nassau General Hospital, created by special act, is subject to the provisions of s. 768.28, F.S. (1988 Supp.).
 2. The officers, employees and agents of the hospital are covered by the provisions of s. 768.28, F.S. (1988 Supp.), and, therefore, are not personally liable for actions taken in the scope of their employment or function provided they did not act in bad faith or maliciously or in a manner exhibiting a wanton and willful disregard of human rights, safety, or property.
 3. Section 768.28, F.S. (1988 Supp.), waives the sovereign immunity from tort liability of the state and for its agencies and subdivisions up to $100,000 on any claim or judgment by one person or $200,000 for all claims arising out of the same incident or occurrence.
Question One
Section 13, Art. X, State Const., provides that the Legislature may provide by general law for bringing suit against the state.[1]
Section 768.28, F.S. (1988 Supp.), represents a limited waiver of the sovereign immunity from tort liability for the state and "for its agencies or subdivisions" to the extent provided within the statute.[2] Section 768.28(1), F.S. (1988 Supp.), provides in part:
 Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act.
 "State agencies or subdivisions" are defined to include "independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities."[3] This office has previously concluded that a hospital district, created by special act of the Legislature, is included within the foregoing definition.[4]
 The Nassau General Hospital, organized and existing pursuant to special act,[5] and governed by a board of trustees possessing the powers of a body corporate, including the power to sue and be sued,[6] would appear to come within the scope of s. 768.28(2), F.S. (1988 Supp.). Accordingly, I am of the opinion that the Nassau General Hospital is subject to the provisions of s. 768.28, F.S. (1988 Supp.).
Question Two
Section 9(a) of s. 768.28, F.S. (1988 Supp.), which provides in part:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . .
The exclusive remedy for such injury is an action against the governmental entity, or the head of the entity in his official capacity, or the constitutional officer of which the officer, employee or agent is an employee. This office has previously concluded that the officers, employees or agents of a hospital district are not personally liable in tort for injuries or damage suffered as a result of any act or omission of action in the scope of the employment or function.[7]
Accordingly, I am of the opinion that the officers, employees and agents of the Nassau General Hospital are not personally liable in tort for actions taken in good faith and in the course and scope of performing their employment or functions.[8]
*1841 Question Three
Pursuant to s. 768.28(5), F.S. (1988 Supp.), the state and its agencies and subdivisions are liable for tort claims in the same manner and to the same extent as a private individual under like circumstances; however, the liability does not include punitive damages or interest for the period before the judgment. This statutory waiver is limited to $100,000 on any claim or judgment by one person or $200,000 for all claims or judgments arising out of the same incident or occurrence. Judgments may be claimed and rendered in excess of these amounts and may be settled and paid pursuant to the statute up to $100,000 or $200,000, as the case may be. That portion of the judgment exceeding these amounts may be reported to the Legislature, but may be paid in part or whole only by further act of the Legislature. Subsection (5) of s.768.28, F.S. (1988 Supp.), was amended in 1987 to provide:
 Notwithstanding the limited waiver of sovereign immunity provided herein, the state or an agency or subdivision thereof may agree, within the limits of insurance coverage provided, to settle a claim made or a judgment rendered against it without further action by the Legislature, but the state or agency or subdivision thereof shall not be deemed to have waived any defense of sovereign immunity or to have increased the limits of its liability as a result of its obtaining insurance coverage for tortious acts in excess of the $100,000 or $200,000 waiver provided above.[9] (e.s.)
Based upon the amendment to the statute, it appears that the purchase of insurance by the district in excess of the limits specified in s. 768.28(5), F.S. (1988 Supp.), would not result in the waiver of any defense of sovereign immunity or increase its liability in excess of $100,000 or $200,000, as the case may be.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 13, Art. X, State Const., which states that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." Cf., Pan-Am Tobacco Corporation v. Department of Corrections, 471 So.2d 4, 5 (Fla. 1984), concluding that "where the state has entered into a contract fairly authorized by the powers granted by general law, the defense of sovereign immunity will not protect the state from action arising from the state's breach of that contract."
[2] See, s. 1, Ch. 77-86, Laws of Florida, which amended s.768.28, F.S., to expressly provide that the "limitations of liability set forth in [the section] shall apply to the state and its agencies and subdivisions whether or not the state or its agencies or subdivisions possessed sovereign immunity prior to July 1, 1974." Cf., AGO 75-114.
[3] Section 768.28(2), F.S. (1988 Supp.).
[4] See, AGO's 86-74 and 84-87. See also, Florida Patient's Compensation Fund v. S.L.R., 458 So.2d 342 (5 D.C.A.Fla., 1984).
[5] See, Ch. 41-21228, Laws of Florida, as amended.
[6] See, s. 2, Ch. 65-1957, Laws of Florida, amending s. 9, Ch. 41-21228, Laws of Florida.
[7] See, AGO's 86-74 and 84-87. See also, AGO's 81-57 and 81-81.
[8] Cf., Nazworth v. Swire Florida, Inc., 486 So.2d 637 (1 D.C.A.Fla., 1986); and Jones v. City of Hialeah, 368 So.2d 398 (3 D.C.A.Fla., 1979), stating that it is the right of control, not the actual control, the principal has over an agent which determines the relationship between the parties and distinguishes it from that of an independent contractor. And see, Inf.Op. to Mr. William P. Buztrey, July 19, 1988. See also, Jaar v. University of Miami, 474 So.2d 239 (3 D.C.A.Fla., 1985), and DeRosa v. Shands Teaching Hospital Clinics, Inc., 504 So.2d 1313 (1 D.C.A.Fla., 1987).
[9] Section 3, Ch. 87-134, Laws of Florida. Section 4 of Ch. 87-134, supra, repealed s. 286.28, F.S. 1985. See, School Board of Orange County v. Coffey, 524 So.2d 1052, 1053 n. 1 (5 D.C.A.Fla., 1988), rev. denied, 534 So.2d 401 (Fla. 1988), which recognized that "[t]he legislature has repealed section 286.28, which is the basis of the supreme court's finding of waiver in [Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002
(Fla. 1986)], in favor of a new section 768.28(5). . . ."