Mrs. Patsey Powers Chairman Board of Psychological Examiners Department of Professional Regulation 1940 North Monroe Street, Northwood Centre Tallahassee, Florida 32399-0788
Dear Mrs. Powers:
You ask on behalf of a majority of the Board of Psychological Examiners substantially the following questions:
 1. Are psychological examiners designated by the Board of Psychological Examiners to supervise or treat applicants for licensure or disciplined licensees placed on probation, employees or agents of the board if the board has control over the supervision or treatment?
 2. Are board designated and controlled supervisors and therapists and their personal and professional liability insurance carriers immune from suits resulting from supervision or treatment of applicants for licensure or licensees as ordered by the Board of Psychological Examiners?
In sum, I am of the following opinion:
 1. A psychological examiner designated by the Board of Psychological Examiners and subject to its authority to prescribe, monitor and change the psychological examiner's supervision or treatment of an applicant for licensure or a disciplined licensee placed on probation is an agent or employee of the board.
 2. As an agent, under s. 768.28, F.S. (1988 Supp.), the supervisor or therapist would be immune from personal liability while performing duties within the scope of agency relationship.
You state that the Board of Psychological Examiners (the board), in regulating the profession of psychological examiners under Ch.490, F.S., may impose probation upon applicants for licensure and disciplined licensees. The probation, for a period of time and subject to conditions specified by the board, may require an applicant or licensee to submit to treatment or to be supervised by a designated licensee.[1] You state that the board designates the psychologist to provide the treatment or supervision and monitors the treatment or supervision, reserving the right to amend the psychologist/patient relationship. The supervisor or therapist, however, is compensated by the applicant or licensee.
As your questions are interrelated, they will be answered together. It must be recognized, however, that resolution of whether an individual is an agent or employee of a state agency is a mixed question of law and fact which this office cannot resolve.[2]
Furthermore, whether a person is covered under the Florida Casualty Risk Management Trust Fund is a determination which must be made by the Division of Risk Management within the Department of Insurance and not by this department.[3] I will, however, make the following observation.
If a person or entity is not an officer or employee of a governmental unit, he or it may be protected by governmental immunity only when performing activities within the scope of an agency relationship with the sovereign.[4] The term "agency" as it applies in a principal/agent relationship has been interpreted judicially to mean
 a contract either express or implied upon a consideration, or a gratuitous undertaking, by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it.[5]
The existence of an agency relationship is determined by the degree of control exercised by the principal over the agent.[6]
It is the right of control, however, and not the actual control which a principal chooses to exercise over the agent, which determines the relationship between the parties.[7] As the First District Court of Appeal in Farmers Merchants Bank v. Vocelle,[8] stated:
 If the person serving is merely subject to the control or direction of the owner as to the result to be obtained, he is an independent contractor; if he is subject to the control or [sic] the person being served as to the means to be employed, he is not an independent contractor. . . .
 It is the right of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant. . . .[9]
The agency relationship is created by consent of the parties to the agreement, and neither consideration nor compensation to the agent is essential.[10] It would not matter, therefore, that the psychological examiners are compensated by the applicant or licensee rather than by the board.
In AGO 76-188, this office addressed whether independently insured private health institutions which volunteered their services to the Department of Health and Rehabilitative Services to administer the swine flu vaccine were agents of the department and, therefore, protected by s. 768.28, F.S. This office was informed that the department alone selected the private institution and had the authority to terminate the relationship. The department promulgated guidelines to be followed by the institutions and intended to monitor and control their performance to insure that the state and federal guidelines were followed. Based upon this information, this office concluded that the private health institutions were agents of the department and, therefore, entitled to the protections of s. 768.28, F.S.[11]
This office has been informed that the psychological examiner is designated by the board to provide treatment or supervision to an applicant for licensure or a licensee placed on probation. The treatment or supervision is prescribed, monitored and subject to change by the board. Under these conditions, the psychological examiner, acting as a supervisor or therapist under the board's control and direction, would appear to be an agent of the board for purposes of s. 768.28, F.S. (1988 Supp.).
Section 768.28(9)(a), F.S. (1988 Supp.), provides in pertinent part:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The statute goes on to provide that "[e]mployee" includes any volunteer firefighter, while the terms "[o]fficer, employee, or agent" include, but are not limited to, "any public defender or his employee or agent, including, among others, an assistant public defender and an investigator."[12] Furthermore, the statute provides that health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system shall be considered agents of the State of Florida, Department of Corrections, for purposes of s. 768.28, F.S. (1988 Supp.), while acting within the scope of and pursuant to guidelines established in said contract or by rule.[13]
The enumeration of these positions, however, does not preclude a determination that others than those enumerated, who are under contract with the state or a state agency, are agents for purposes of s. 768.28, F.S. (1988 Supp.).[14]
Based upon the foregoing, it is my opinion that a psychological examiner designated by the board to treat or supervise an applicant for licensure or a licensee, where such treatment or supervision is monitored, controlled, and subject to modification by the board, would be an agent of the board and protected by s.768.28(9)(a), F.S. (1988 Supp.). As an agent of the board, the psychological examiner would be immune from personal liability.[15]
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Section 490.009(1)(g), F.S.
[2] See, Statement of Policy Concerning Attorney General Opinions, 1986 Annual Report of the Attorney General, ix.
[3] See, Part II, Ch. 284, F.S., creating the Florida Casualty Insurance Risk Management Trust Fund to provide general liability, as well as other, insurance coverage for all departments of the State of Florida.
[4] District School Board of Lake County v. Talmadge,381 So.2d 698, 702-03 (Fla. 1980).
[5] King v. Young, 107 So.2d 751, 753 (2 D.C.A.Fla., 1958).
[6] Collins v. Federated Mutual Implement Hardware Insurance Co., 247 So.2d 461 (4 D.C.A.Fla., 1971), cert. denied,249 So.2d 689 (Fla. 1971).
[7] Nazworth v. Swire Florida, Inc., 486 So.2d 637 (1 D.C.A.Fla., 1986).
[8] 106 So.2d 92 (1 D.C.A.Fla., 1958).
[9] Id. at 95. And see, La Grande v. B L Services, Inc.,432 So.2d 1364 (1 D.C.A.Fla., 1983) (decisive question is who has the right to direct what shall be done, and how and when it shall be done).
[10] Adelhelm v. Dougherty, 176 So. 775 (Fla. 1937).
[11] Compare, AGO 86-65 which relied upon AGO 76-188 in concluding that volunteers transporting students and equipment to school activities who are not under the direction and control of the school board or superintendent are not governmental employees or agents for purposes of s. 768.28(9)(a), F.S.
[12] Section 768.28(9)(b), F.S. (1988 Supp.).
[13] Section 768.28(10)(a), F.S. (1988 Supp.).
[14] See, Bates by and through Bates v. Sahasranaman,522 So.2d 545 (4 D.C.A.Fla., 1988) (no reason to interpret the provisions of s. 768.28, F.S. (1988 Supp.), which insures that volunteer firefighters, public defenders and outside prison health care providers are protected by the act, as limiting the all inclusive language of the statute). Compare, DeRosa v. Shands Teaching Hospital Clinics, Inc., 504 So.2d 1313 (1 D.C.A.Fla., 1987); Jaar v. University of Miami, 474 So.2d 239 (3 D.C.A.Fla., 1985), rev. denied, 484 So.2d 10 (Fla. 1986); Bryant v. Duval County Hospital Authority, 459 So.2d 1154 (1 D.C.A.Fla., 1984); White v. Hillsborough County Hospital Authority, 448 So.2d 2 (2 D.C.A.Fla., 1983), cause dismissed, 443 So.2d 981 (Fla. 1983); Public Health Trust of Dade County v. Valcin, 507 So.2d 596, 601 (Fla. 1987) (line of cases concluding that s. 768.28, F.S. [1988 Supp.], affords immunity to physicians employed by the state).
[15] See, Jaar v. University of Miami, 474 So.2d 239, 244 (3 D.C.A.Fla., 1985) (as employee or agent of a governmental entity entitled to the protection of s. 768.28, F.S., physician was entitled to immunity from liability).