Ms. Kimberly J. Tucker, General Counsel Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tucker:
You ask the following question:
Is a member of a Health and Human Services Board an "officer, employee, or agent of the state or of any of its subdivisions" for purposes of the waiver of sovereign immunity contained in section768.28(9)(a), Florida Statutes?
In sum:
A member of a Health and Human Services Board is an "officer, employee, or agent of the state or of any of its subdivisions" for purposes of the waiver of immunity contained in section768.28(9)(a), Florida Statutes.
Section 768.28, Florida Statutes, serves to waive the immunity of the state and its agencies and subdivisions to the extent specified in that section. Monetary limitations are specified allowing the payment of a judgment against the state and its agencies or subdivisions by any one person not to exceed $100,000 for any claim or judgment which, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[1] Punitive damages are excluded.[2]
Section 768.28(9)(a), Florida Statutes, provides:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
Thus, except as provided in section 768.28(9) Florida Statutes, the officers, employees, and agents of a state agency or subdivision are not personally liable in tort and may not be named as defendants in any action for injuries or damages suffered as a result of any act, event, or omission of action in the scope of their employment or function. The exclusive remedy for such injury is an action against the governmental entity, or the head of the entity in his official capacity.
"State agencies or subdivisions" are defined as including
the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority.[3]
The Health and Human Services Boards are established by state statute. Section 20.19, Florida Statutes, in setting forth the structure of the Department of Health and Rehabilitative Services, provides in subsection (7) of the statute for the establishment, membership, terms of office and duties of such Health and Human Services Boards.[4] Accordingly, such boards would appear to fall within the above definition of state agencies or subdivisions. While section 768.28(9)(b), Florida Statutes, enumerates some of the positions included within the term "employee" or "officer, employee, or agent," such enumeration is not, by its own terms, exclusive.[5]
Accordingly, I am of the opinion that a member of a Health and Human Services Board is an "officer, employee, or agent of the state or any of its subdivisions" for purposes of the waiver of sovereign immunity as contained in section 768.28(9)(a), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 768.28(5), Fla. Stat. (1994 Supp.).
[2] Id.
[3] See, s. 768.28(2), Fla. Stat. (1994 Supp.).
[4] See, s. 20.19(7)(a), Fla. Stat. (1994 Supp.), creating a Health and Human Services Board in each service district or subdistrict of the Department of Health and Human Services.
[5] See, s. 768.28(9)(b)2., Fla. Stat. (1993), which defines "[o]fficer, employee, or agent" as including, but not limited to, any health care provider when providing services pursuant to s.766.1115, any member of the Florida Health Services Corps, providing uncompensated care to medically indigent persons referred by the Department of Health and Rehabilitative Services, and any public defender or his employees or agents. And see, Bates by and through Bates v. Sahasranaman, 522 So.2d 545, 546 (Fla. 4th DCA 1988) (no reason to interpret provision of s. 768.28 which insures that volunteer firefighters, public defenders and outside prison health care providers are protected by the act, as limiting the all inclusive language of the statute).