ON MOTION FOR REHEARING
RAMIREZ, JUAN, Jr., Associate Judge.
We grant appellee’s, Williams, Harper & Sirois, P.A., motion for rehearing, withdraw our earlier opinion and substitute the following:
Appellants, a minor child and her parents, seek relief from final summary judgments in favor of appellees Amos W. Stoll, M.D., Allen S.Watson, M.D., Sonia Hodge, M.D. and Ronald C. Sirois, M.D. in a medical malpractice suit. The trial court also granted summary judgment for the medical doctors’ respective professional associations, with the exception of Sonia Hodge, M.D., who never *991 had a P.A. We reverse in part and affirm in part.
Appellees moved for summary judgment based on sovereign immunity as employees or agents of the state. They had been sued for failing to diagnose and properly treat the child’s condition of infected thoracic cord epi-dermoid. The failure to diagnose and properly treat by decompressing the pressure on her spinal cord resulted in a permanent and painful disability. Appellees’ work was performed at the Children’s Medical Services (CMS) Broward facility run by the Florida Department of Health and Rehabilitative Services (HRS). CMS clinics were created pursuant to chapter 391 of the Florida Statutes (1993) to provide medical services to indigent children. Employees or agents of CMS would be protected under section 768.28(9)(a), Florida Statutes (1993).
The appellees were hired as “consultants” for CMS. Dr. Sirois had an “OPS” (Other Personal Services) designation, but we deem such designation not to be significant for our decision. Title V of the Federal Social Security Act requires each state to designate an agency to receive federal funds for the care and treatment of chronically ill children of indigent families. Chapter 391 of the Florida Statutes, entitled “Children’s Medical Services Act,” designates HRS as the manager and the entity ultimately responsible for the CMS program. The program is supervised by the assistant secretary for CMS, Dr. Michael Cupoli. With a staff of 34 in Tallahassee, Dr. Cupoli is the only medical doctor who is a full-time civil service employee of CMS. Full-time civil service employees receive all the benefits of government employment, such as paid vacations, sick leave, holidays, insurance coverage, and retirement benefits. The state withholds federal income and social security taxes from their pay checks. The legislature has created no full-time career positions for any doctors to staff any of the state’s 22 CMS clinics.
These 22 climes are staffed mostly by consultants. All CMS consultants are required to carry their own medical liability insurance. They spend very little time at the CMS clinic, usually less than one day a week, and maintain their own private practices. At times, appellees see CMS patients for followup visits at their own offices. Appellant was not seen at any follow-up visit. Each doctor is paid $100 for the first hour of work and $50 for each additional half hour. Consultants receive no fringe benefits, no paid vacations, no holidays, no sick leave and no annual leave.
Appellee Williams, Harper, & Sirois, P.A. also moved for summary judgment based upon the fact that Dr. Sirois, an employee of Williams, Harper, & Sirois, P.A., acted individually, independently, and separately in his employment as a salaried “other personal services” (OPS) physician consultant with HRS, Children’s Medical Services (CMS) Clinic of Broward County. In support of this argument, appellee Williams, Harper argued that it never contracted with, received any remuneration from, or performed any services for HRS or CMS as an employee, agent, independent contractor or otherwise. Further, that appellee Williams, Harper did not receive remuneration or benefits as a result of the individual, independent employment of Dr. Sirois with CMS or from Dr. Sirois’ examination of the appellant Minouche Noel at the CMS Clinic. Dr. Si-rois was paid individually by HRS/CMS and performed all OPS services at the CMS clinic. No CMS patients, including appellant Minouche Noel, were ever seen at the premises of Williams, Harper at any time.
We therefore affirm the final summary judgment in favor of appellee Williams, Harper, & Sirois, P.A. in that the trial court properly found that Dr. Sirois was not acting in the scope of his employment for the PA., when this malpractice was allegedly committed.
As to the other appellees, it is a general rule that an agency relationship is a question of fact to be determined by the jury. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla.1983). The supreme court has also stated that the same rule applies in medical malpractice actions. Goldschmidt v. Holman, 571 So.2d 422, 424 (Fla.1990). When the evidence introduced has only one interpretation, there is no issue of fact that need go to the jury. Jaar v. University of *992 Miami, 474 So.2d 239, 242 (Fla. 3d DCA 1985), review denied, 484 So.2d 10 (Fla.1986).
That is not the case in this matter. There are a number of factors to be considered when attempting to establish an agency relationship. Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 333 (Fla. 4th DCA 1991); Restatement (Second) of Agency § 1 (1957). The fact-finder must consider these factors before a decision can be made as to the relationship created by CMS with their consultants.
In Baldwin v. Dellerson, 541 So.2d 779 (Fla. 4th DCA 1989), this court reversed as premature an order granting final summary judgment when one of the two remaining issues of material fact was whether the doctor’s relationship to the hospital was that of an agent or independent contractor. The court stated: “As is usually the case, the question of agency turns upon the degree of control exercised by the hospital over the doctor.” Id. at 780.
In DeRosa v. Shands Teaching Hospital & Clinics, Inc., 504 So.2d 1313 (Fla. 1st DCA 1987), the court affirmed a summary judgment order where there was direct control and supervision of patient care services stating that the primary test is not only the actual control, but the right to control the alleged employee’s work. This is the main argument in the briefs of the appellees and amicus curiae filed in this case, that although the state exercised little control over the doctors or their professional associations, it nevertheless retained the right to control them.
Using this criteria, appellees argue that although consultants are generally unsupervised, the ultimate authority resides with the director of CMS who can refuse to pay for any proposed therapy or treatment with which the director disagrees. Although financial remuneration may be an important factor in a doctor’s decision to render treatment, it is not equivalent to actually directing the type or course of treatment. On the other hand, appellant points out that no one in the CMS hierarchy has the power to veto the medical decision of a consultant doctor. At the very least, appellant has made numerous references to the record to support its position, thereby creating an issue of material fact.
We also find that there are issues of fact remaining as to the final summary judgments entered in favor of the professional associations. The jury or fact-finder must determine the professional associations’ involvement with CMS. There is disputing evidence as to how much involvement each professional association has with CMS.
Although appellees are providing a great service for the community, we cannot state that they are immune from liability without defining their relationship with CMS. Whether immunity should be given to consultants of CMS is an issue to be dealt with by the Florida legislature.
In recognition of the fact that the State of Florida, through its amicus curiae brief on behalf of HRS/CMS, has expressed a contrary view, we hereby certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER IMMUNITY PURSUANT TO FLORIDA STATUTE 768.28 SHOULD BE GRANTED TO PHYSICIAN CONSULTANTS WHO CONTRACT WITH THE FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, CHILDREN’S MEDICAL SERVICES?
Accordingly, we reverse the final summary judgments entered in favor of appellees Amos W. Stoll, M.D., Allen S. Watson, M.D., Sonia Hodge, M.D., Ronald C. Sirois, M.D., Amos W. Stoll, M.D., P.A. and Allen S. Watson, M.D., P.A. We affirm the summary judgment entered on behalf of Williams, Harper, & Sirois, P.A. and remand the cause to the trial court for further proceedings.
REVERSED IN PART, AFFIRMED IN PART, and REMANDED.
DELL and STONE, JJ., concur.