694 So.2d 701 (1997)
Amos W. STOLL, M.D., et al., Petitioners,
v.
Minouche NOEL, etc., et al., Respondents.
No. 86685.
Supreme Court of Florida.
April 10, 1997.
Rehearing Denied May 27, 1997.
*702 George Bunnell and Gary Farmer, Jr., of Bunnell, Woulfe, Keller & Gillespie, Fort Lauderdale; Bartley C. Miller of Panza, Maurer, Maynard & Neel, P.A., Fort Lauderdale; Robert Collier of Timothy J. Payne, P.A., Fort Lauderdale; and Carter G. Phillips and Paul E. Kalb of Sidley & Austin, Washington, DC, for Petitioners.
Sheldon J. Schlesinger, P.A., Fort Lauderdale; and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Easton, Meadow, Olin & Perwin, P.A., Miami, for Respondents.
Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for State of Florida, Department of Health and Rehabilitative Services, Children's Medical Services, Amicus Curiae.
John E. Thrasher and Christopher L. Nuland, Jacksonville, for Florida Medical Association, Amicus Curiae.
Harry T. Hackeny of Cummins, Mueller & Judson, P.A., Leesburg, for Academy of Florida Trial Lawyers, Amicus Curiae.
PER CURIAM.
We have for review a decision addressing the following question certified to be of great public importance:
WHETHER IMMUNITY PURSUANT TO FLORIDA STATUTE 768.28 SHOULD BE GRANTED TO PHYSICIAN CONSULTANTS WHO CONTRACT WITH THE FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, CHILDREN'S MEDICAL SERVICES.
Noel v. North Broward Hosp. Dist., 664 So.2d 989 (Fla. 4th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The action underlying this appeal was originally filed in 1990 by the parents of Minouche Noel, both individually and on behalf of their daughter. They alleged that physicians (CMS consultants) Stoll, Watson, Hodge, and Sirois, who treated Minouche at the Children's Medical Services' (CMS) Broward facility, run by the Florida Department of Health and Rehabilitative Services (HRS), failed to adequately diagnose and treat a cyst which complicated Minouche's spina bifida and resulted in a permanent and painful disability.
The physicians pled that they were employees or agents of the state through HRS and CMS and therefore immune from liability and suit.[1] The trial court agreed and entered final summary judgment in favor of *703 the physicians and their professional associations (except for Hodge who did not have a professional association). The Fourth District Court of Appeal reversed the judgments in favor of the physicians; reversed the judgments in favor of Stoll's and Watson's professional associations; affirmed summary judgment in favor of Sirois' professional association; and held that issues of material fact remained and must be considered by the trial court before determining whether CMS consultants are agents or employees of CMS. Noel, 664 So.2d at 992. The district court certified the foregoing question to this Court and the physicians sought review.
Noel argues before this Court that the physicians, who contracted with HRS to work in the CMS program, are not entitled to statutory immunity because they are independent contractors, not agents or employees of the state. We agree that CMS physician consultants are independent contractors. However, notwithstanding their independent contractor status, they are not precluded from being agents of the statethereby entitling them to its statutory immunity from suit and liability as provided by section 768.28, Florida Statutes:
(9)(a) No officer, employee, or agent of the state ... shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function....
§ 768.28(9)(a), Fla. Stat. (1993).
The Restatement (Second) of Agency § 14N (1957) explains that the roles of agent and independent contractor are not mutually exclusive:
One who contracts to act on behalf of another and subject to the other's control except with respect to his physical conduct is an agent and also an independent contractor.
Comment: [M]ost of the persons known as agents, that is, brokers, factors, attorneys, collection agencies, and selling agencies are independent contractors ... since they are contractors but, although employed to perform services, are not subject to the control or right to control of the principal with respect to their physical conduct in the performance of the services. However, they fall within the category of agents.
Whether CMS physician consultants are agents of the state turns on the degree of control retained or exercised by CMS. This Court has held that the right to control depends upon the terms of the employment contract. National Sur. Corp. v. Windham, 74 So.2d 549, 550 (Fla.1954) ("The [principal's] right to control depends upon the terms of the contract of employment...."). CMS requires each consultant, as a condition of participating in the CMS program, to agree to abide by the terms published in its HRS Manual and CMS Consultant's Guide which contain CMS policies and rules governing its relationship with the consultants. The Consultant's Guide states that all services provided to CMS patients must be authorized in advance by the clinic medical director. The language of the HRS Manual ascribes to CMS responsibility to supervise and direct the medical care of all CMS patients and supervisory authority over all personnel. The manual also grants to the CMS medical director absolute authority over payment for treatments proposed by consultants. The HRS Manual and the Consultant's Guide demonstrate that CMS has final authority over all care and treatment provided to CMS patients, and it can refuse to allow a physician consultant's recommended course of treatment of any CMS patient for either medical or budgetary reasons.
Our conclusion is buttressed by HRS's acknowledgment that the manual creates an agency relationship between CMS and its physician consultants, and despite its potential liability in this case, HRS has acknowledged full financial responsibility for the physicians' actions. HRS's interpretation of its manual is entitled to judicial deference and great weight. See generally Raffield v. State, 565 So.2d 704, 706 (Fla.1990); Pan Am. World Airways, Inc. v. Florida Public Serv. Comm'n, 427 So.2d 716, 719 (Fla.1983).
We find that the record supports summary judgment in favor of the physicians and their professional associations. Accordingly, we *704 answer the certified question in the affirmative and quash the decision of the district court reversing the summary judgments in favor of Amos W. Stoll, M.D., Allen S. Watson, M.D., Ronald C. Sirois, M.D., Sonia Hodge, M.D., Amos W. Stoll, M.D., P.A. and Allen S. Watson, M.D., P.A. We approve the decision of the district court affirming summary judgment entered on behalf of Williams, Harper, & Sirois, P.A. and remand the case for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The legislature has authorized HRS to establish CMS clinics statewide pursuant to the Children's Medical Services Act, chapter 391, Florida Statutes (1993), in order to provide medical care to indigent, chronically disabled children. Employees and agents of the state are protected under section 768.28(9)(a), Florida Statutes (1993).