758 So.2d 1163 (2000)
William ROBINSON, as personal representative of the Estate of Ramona Robinson, deceased, and surviving spouse William Robinson; and surviving children, Jennifer Robinson and Christopher Robinson, Appellants,
v.
Steven R. LINZER, D.O., Steven R. Linzer, D.O., P.A., Felipe L. Cubas, M.D., Felipe L. Cubas, M.D., P.A., and Coastal Emergency Services of Hollywood, Inc., Appellees.
No. 4D99-1066.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
Rehearing Denied June 21, 2000.
Grossman & Roth, P.A., Boca Raton and Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellants.
Nancy W. Gregoire and George A. Bunnell of Bunnell, Woulfe, Kirschbaum, Keller, Cohen & McIntyre, P.A., Fort Lauderdale, for appellees.
KLEIN, J.
This is a medical malpractice action in which the trial court entered a summary judgment in favor of an emergency room physician and his employer, Coastal Emergency Services of Hollywood, Inc., on the ground that they were agents of South Broward Hospital District, a hospital operator, and, thus, entitled to sovereign immunity. We reverse.
The contract between Coastal and the Hospital District [Operator] provided:
Physician shall at all times be acting and performing as the agent and servant of the Operator practicing his profession of medicine, and the Operator shall exercise exclusive control or direction over the method and manner by which Physician performs his professional services and functions to the extent provided by law.
It further provided that the physician would accordingly be immune from suit for tort claims under section 768.28, Florida Statutes (1991).
The above contractual provisions, on which the trial court relied in granting the motion for summary judgment, are inconsistent with other provisions. The contract also provides, for example, that the emergency room medical director, who is hired and employed by Coastal, is responsible for the day-to-day management and supervision of the emergency room physicians. Coastal hires and pays the salaries of the emergency room physicians.
*1164 In granting defendant's motion for summary judgment, the trial court relied on Stoll v. Noel, 694 So.2d 701 (Fla.1997). In that case, the state was operating a children's medical services' facility which used physicians working under a consulting contract. The contract gave the medical director of the facility the authority to supervise and direct the medical care. The director had final authority over all care and treatment and could refuse to allow a physician's recommended course of treatment for either medical or financial reasons. Under those facts the supreme court held that the physicians were agents within the meaning of section 768.28(9)(a), and they were entitled to immunity.
After the summary judgment in this case was entered, this court decided Theodore ex rel. Theodore v. Graham, 733 So.2d 538 (Fla. 4th DCA), rev. denied, 737 So.2d 551 (Fla.1999). In Theodore, a perinatal intensive care center was being operated by the state in a private hospital. The issue was whether a physician, who was the obstetrical director of the center, was immune from suit as a state agent. The trial court granted the physician's motion for summary judgment in Theodore based on Stoll, and we reversed. We distinguished Stoll, because in Theodore the physician had the final authority as to whether to admit patients to the intensive care center and the state had no right to control the physician's decisions regarding patient treatment. Under those circumstances we found issues of fact as to whether the physician was an agent.
It appears that the Hospital District and Coastal were, by their contract, attempting to create an agency status. The actual relationship, however, not the label, determines whether there is an agency. Keith v. News & Sun Sentinel Co., 667 So.2d 167, 171 (Fla.1995).
The amount of control the government had over the physician in Stoll was substantially greater than in the present case. This case is closer factually to Theodore than to Stoll, and we accordingly find, as we did in Theodore, issues of fact precluding summary judgment. Reversed.
TAYLOR, J., and SCOLA, ROBERT N., Jr., Associate Judge, concur.