821 So.2d 336 (2002)
Shannon Louise AGNER, as personal representative of the estate of Steven Michael Agner, deceased., Appellant,
v.
APAC-FLORIDA, INC., a Delaware corporation and successor in interest Couch Construction, L.L.C., a Delaware limited liability company and successor in interest to Couch Construction, L.P., a Delaware limited partnership, AIM Engineering & Surveying, Inc., a Florida corporation, John Gerren, individually, Angela Carpenter Wallace, and Angela Shurley Wallace, Appellees.
No. 1D01-821.
District Court of Appeal of Florida, First District.
June 12, 2002.
Rehearing Denied July 22, 2002.
*338 George T. Reeves of Davis, Schnitker, Reeves & Browning, P.A., Madison and T. Bradley McRae of T. Bradley McRae, P.A., Lake City, for Appellant.
William D. Horgan and Patrick J. Farrell, Jr., of Fuller, Johnson & Farrell, P.A., Tallahassee, for APAC-Florida, Inc. and Michael D. West and George W. Hatch III of Huey, Guilday & Tucker, P.A., Tallahassee, for AIM Engineering & Surveying, Inc. and John Gerren, for Appellees.
KAHN, J.
In this case, plaintiff Shannon Louise Agner sued multiple defendants for the wrongful death of Michael Agner (decedent) resulting from an accident on Interstate 10 in Madison County, Florida. Mrs. Agner seeks review of a lower court order granting with prejudice a motion to dismiss filed by AIM Engineering & Surveying, Inc. (AIM). We conclude that the matter was not ripe for adjudication on a motion to dismiss, and therefore reverse the order of dismissal and remand for further proceedings.
"For purposes of ruling on the motion to dismiss, the trial court was obliged to treat as true all of the amended complaint's well-pleaded allegations, including those that incorporate attachments, and to look no further than the amended complaint and its attachments." City of Gainesville v. State, Dep't of Transp., 778 So.2d 519, 522 (Fla. 1st DCA 2001). Accordingly, the facts before us are as set out in Agner's Second Amended Complaint. Our review is de novo. See id.
In July 1999, the Florida Department of Transportation (DOT) was engaged in a road improvement project on Interstate 10 in Madison County, Florida. Appellee APAC-Florida, Inc. (APAC), the successor in interest to Couch Construction LLC, was the general contractor for the road improvements. Appellee AIM, and its employee John Gerren, also an appellee, were professional engineers under contract with DOT to supervise the project. Decedent Stephen Agner was, at the time of his death, employed as a deputy sheriff by the Madison County Sheriffs Department. In her Second Amended Complaint, appellant alleged that AIM had the status of an independent contractor as to DOT, and was not an officer, employee, or agent of DOT. Alternatively, appellant alleged that, to the extent such an agency relationship might exist, AIM's negligent acts exceeded the scope of any relationship with DOT. Finally, appellant alleged that AIM's contractual obligation to render engineering services to DOT encompassed a duty of reasonable care to the decedent, which *339 AIM breached, proximately causing the death of Stephen Agner.
AIM and APAC moved to dismiss the Second Amended Complaint. AIM raised five grounds for dismissal. Because the trial court dismissed the complaint in a one-sentence order without stating the grounds upon which it relied, this court is not informed of the reason for the dismissal. Nevertheless, we agree with appellant that, because APAC joined three of AIM's arguments for dismissal, but garnered only a dismissal without prejudice, the trial court did not rely on those three grounds. The trial court's dismissal, therefore, must have been based on either or both of the remaining groundssovereign immunity and workers' compensation immunity. At the present stage of this case, neither ground mandated dismissal with prejudice.
As part and parcel of Florida's waiver of sovereign immunity, the Legislature has provided that no "agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function...." § 768.28(9)(a), Fla. Stat. (1999). This immunity extends to certain private parties who are involved in contractual relationships with the State, provided that such parties are agents of the State. See Stoll v. Noel, 694 So.2d 701 (Fla.1997). Whether such contracted parties "are agents of the state turns on the degree of control retained or exercised by [a state agency]." Id. at 703. In Stoll, the leading Florida Supreme Court case on extension of sovereign immunity to private parties acting as state agents, the court acknowledged that "the right to control depends upon the terms of the employment contract." Id. (citing Nat'l Sur. Corp. v. Windham, 74 So.2d 549, 550 (Fla.1954)). Nevertheless, in affirming a summary judgment in favor of the physicians/contractors in Stoll, the supreme court buttressed its conclusion by concessions made by the agency (HRS): (1) the HRS Manual created an agency relationship between the agency and the physician defendants; and (2) HRS acknowledged full financial responsibility for the physicians' actions. See id. The court relied not only upon the language of the contracts, but upon the agency's interpretation of the terms published in the manual and by which the physicians agreed to abide: "HRS's interpretation of its manual is entitled to judicial deference and great weight." Id. The supreme court upheld summary judgment in favor of the individual physicians. See id. at 703-04.
In the present case, the contract between DOT and AIM was attached to the complaint and before the court. This contract, however, incorporated DOT's Construction Project Administration Manual, which was not before the trial court. Although the contract itself, referred to as a standard Consultant Agreement for Construction, Engineering and Inspection, contains many indicators that DOT exercised extensive control over certain functions performed by AIM, the trial court should have had the benefit of the Construction Project Administration Manual, as well as any other pertinent evidence concerning DOT's actual interpretation of AIM's status. This is consistent with the supreme court's analysis in Stoll. Because the trial court disposed of this case at the motion to dismiss stage, appellant has had no opportunity whatsoever to engage in discovery.[*]
*340 In affording appellant the opportunity to investigate further in this matter, we note that the dismissal in Stoll took place at the summary judgment stage, and not the motion to dismiss stage. Cf. Nazworth v. Swire Fla., Inc., 486 So.2d 637, 638 (Fla. 1st DCA 1986) (granting summary judgment on the question of agency, and observing, "The standard for determining whether an agent is an independent contractor is the degree of control exercised by the employer or owner over the agent."). In two cases decided after Stoll, the Fourth District has reversed summary judgments originally granted under section 768.28(9)(a), even though the parties claiming immunity were subject to contracts which the court acknowledged attempted to create an agency status. See Robinson v. Linzer, 758 So.2d 1163 (Fla. 4th DCA 2000); Theodore v. Graham, 733 So.2d 538 (Fla. 4th DCA 1999). These cases suggest that even where a contract exists, the court must look carefully to the degree of control exercised by the State. See Theodore, 733 So.2d at 539-40. Only a "true agent" of the government may "share in the full panorama of the government's immunity." Dorse v. Armstrong World Inds. Inc., 513 So.2d 1265, 1268 (Fla.1987). The plaintiff's complaint should not have been dismissed with prejudice on a theory of sovereign immunity.
Also, in support of dismissal, AIM claims entitlement to workers' compensation immunity under section 440.09(6), Florida Statutes (1999). Section 440.09(6) provides:
Except as provided in this chapter, a construction design professional who is retained to perform professional services on a construction project, or an employee of a construction design professional in the performance of professional services on the site of the construction project, is not liable for any injuries resulting from the employer's failure to comply with safety standards on the construction project for which compensation is recoverable under this chapter, unless responsibility for safety practices is specifically assumed by contracts. The immunity provided by this subsection to a construction design professional does not apply to the negligent preparation of design plans or specifications.
AIM's contract with DOT placed it within the purview of this statute. See, e.g., Wallace v. Post, Buckley, Schuh, & Jernigan, Inc., 579 So.2d 397, 397 (Fla. 3d DCA 1991) ("[Defendant's] contractual obligations under its Standard Consulting Agreement with the Florida Department of Transportation qualify for the immunity of subsection 440.09(5), Florida Statutes (1989) [now section 440.09(6), Florida Statutes (1999) ]."). Nevertheless, the facts as alleged in the Second Amended Complaint do not fit the requisite statutory scenario. In her complaint, plaintiff avers, "At all times material to this action [decedent] was employed as a Deputy Sheriff with the Madison County Sheriff's Department...." We are bound to accept this allegation as true. See City of Gainesville, 778 So.2d at 522. AIM may or may not be able to show that APAC subcontracted with the decedent's employer; however, *341 that allegation is not present in the complaint or attachments. At this juncture, then, the complaint should not have been dismissed based upon workers' compensation immunity.
REVERSED and REMANDED for further proceedings.
WOLF and BENTON, JJ., CONCUR.
NOTES
[*] The parol evidence rule is no impediment to plaintiff's discovery of DOT's actual interpretation of the terms of the contract:

The general rule is familiar that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument, but this rule applies only to the parties to the contract or their privies.... [T]he rule applies only to controversies between the parties themselves and those claiming under them, and between one of the parties and a stranger the rule does not apply.
The Florida Bar v. Frederick, 756 So.2d 79, 84 (Fla.2000) (quoting Roof v. Chattanooga Wood Split Pulley Co., 36 Fla. 284, 18 So. 597, 599 (1895)).