PER CURIAM.
On behalf of their son, Patrick, Mr. and Mrs. McFeely brought a medical malpractice action against appellees Prudential Healthcare Plan, Inc. and the Prudential Insurance Company of America (Prudential). The question on this appeal is whether Prudential may be ultimately held responsible for the alleged negligence of a physician, Dr. Julie Buckley, who was employed by the Jacksonville Health Care Group (JHCG) and worked at a PruCare clinic. In the final summary judgment on appeal, the trial court observed, “while the exhibits, depositions, etc., indicate a substantial amount of control as to the business arrangement between Prudential and JHCG, there is no evidence regarding the exercise of control by Prudential regarding the medical care, treatment and services provided, particularly as to these plaintiffs.” The trial court entered final judgement, concluding that Dr. Buckley was not the agent of Prudential. We reverse.
The trial court appears to have relied almost entirely upon the case of Villazon v. Prudential Health Care Plan, Inc., 794 So.2d 625 (Fla. 3d DCA 2001), review granted, 800 So.2d 617 (Fla.2001), to support its ultimate decision that Prudential would have no vicarious liability for the alleged negligence of Dr. Buckley. The Florida Supreme Court has now quashed Villazon. See Villazon v. Prudential Health Care Plan, Inc., 843 So.2d 842, 854, 2003 WL 1561528 (Fla. Mar. 27, 2003). The supreme, court in Villazon stated: “Here, the record evidence reflects significant indicia of PruCare’s right to control the means by which medical services were rendered by Member Physicians to Member Patients. The facts peculiar to each case must govern the ultimate disposition.” Id. 843 So.2d at 854.
The facts pertinent to agency in this case are different than the facts present in Villazon. Nevertheless, our review of the record, particularly the Physician Work Rules, the Letter of Understanding, and the JHCG Physician’s Salary Plan (signed off on by Prudential), suggests to us that this record will support an inference of control sufficient to present a jury question on agency under Villazon. In Florida law, agency status is a question of fact, except in those cases where the party opposing summary judgment is unable to point to any conflicting facts or inferences to be drawn from the facts. See Robinson v. Linzer, 758 So.2d 1163 (Fla. 4th DCA 2000) (holding inconsistent contractual terms create issue of fact as to agency relationship between a hospital and a physician); Theodore ex rel. Theodore v. Graham, 733 So.2d 538 (Fla. 4th DCA 1999) (stating a genuine issue of material fact existed as to whether a physician was controlled or subject to control of Department of Health and Rehabilitative Services); Robbins v. Hess, 659 So.2d 424, 427 (Fla. 1st DCA 1995) (“Generally, the issue of agency or apparent agency is a question of fact to be determined by a jury. The question can be resolved by summary judgment in only those cases where the evidence is capable of but one determination.”).
REVERSED and REMANDED for further proceedings.
BOOTH, WOLF, and KAHN, JJ., CONCUR.