Dr. William B. Stone Chairman, Dog Island Conservation District PMB124 3111-21 Mahan Drive Tallahassee, Florida 32308
Dear Dr. Stone:
On behalf of the Dog Island Conservation District, you ask substantially the following questions:
1. Is the Dog Island Conservation District protected by the sovereign immunity limits of section 768.28, Florida Statutes?
2. Is the Island Manager, who is under contract to the district as an independent contractor, protected by section 768.28, Florida Statutes, for his acts or omissions in the course of his work on behalf of the district?
Question One
Chapter 01-304, Laws of Florida, codified the special acts relating to the Dog Island Conservation District and recreated the district as an independent special district and political subdivision of the State of Florida. The district was created in order to:
"guide and accomplish the coordinated, balanced, and harmonious development of Dog Island in Franklin County, in accordance with existing and future needs, to promote the health, safety, and general welfare of the area and its inhabitants, visitors, and property owners, to establish, maintain, and preserve aesthetic values and preserve and foster the development and display of attractiveness, and to prevent congestion and the destruction of natural beauty."[1]
The district's enabling legislation authorizes the conservation board, as the district's governing body, to supplement the general powers of the Franklin County Board of County Commissioners by constructing, operating, and maintaining specialized public functions or services within the district.[2] The board is specifically authorized to issue bonds, levy ad valorem taxes, "fix and collect rates, fees, and other charges for the specialized public functions or services authorized by this act" and "levy and collect special assessments."[3]
By the enactment of section 768.28, Florida Statutes, the Florida Legislature waived the state's immunity from tort liability to the extent provided therein.[4] Subsection (1) of the statute provides in part:
"Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of the employee's office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act . . ."
The waiver of immunity is limited to $100,000 for any claim or judgment by one person or $200,000 for all claims arising out of the same judgment or occurrence, regardless of "whether or not the state or its agencies or subdivisions possessed sovereign immunity before July 1, 1974."[5]
"[S]tate agencies or subdivisions" are defined to include, among others, "the independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]"[6] This office has previously stated that special districts created pursuant to law or ordinance fall within the purview of the above definition.[7] In Eldred v. North Broward HospitalDistrict,[8] the Supreme Court of Florida considered whether a hospital district was a "state agency or subdivision" for purposes of section 768.28, Florida Statutes. Noting that the governmental status of special districts is recognized by law, the court concluded that the hospital district was an "independent establishment of the state" and thus covered by section 768.28, Florida Statutes. In considering section768.28, Florida Statutes, the Court stated that the statute effectively waived sovereign immunity to the extent provided therein "for all governmental entities."[9]
Based upon the foregoing, it appears that the Dog Island Conservation District, established by a special act of the Legislature as a special district and political subdivision of the state, would be included within the definitional purview of section 768.28(2), Florida Statutes, and, therefore, is subject to the provisions and limitations of section768.28, Florida Statutes.
Accordingly, I am of the opinion that the Dog Island Conservation District is protected by the sovereign immunity limits of section768.28, Florida Statutes.
Question Two
Whether the Island Manager is protected by the provisions of section768.28, Florida Statutes, depends on the degree of control the district exercises over him. You state that the district has engaged the services of an Island Manager who, among other things, maintains the road and airport, maintains the equipment owned by the district, operates a landing craft that is used to transport vehicles to and from the island, and collects rents from those using the airport or landing craft. While the manager works at the direction of the district, the district has a contract with the manager, who is considered by the district to be an independent contractor. However, you have not provided this office with information regarding the degree of control exercised by the district over the actions of the Island Manager. Accordingly, my comments must be general in nature.
If a person or entity is not an officer or employee of a governmental unit, he or it may be protected by governmental immunity only when performing activities within the scope of an agency relationship with the sovereign.[10] An independent contractor is not generally considered to be an officer, employee, or agent of a governmental entity and thus would appear to fall outside the authorization provided by section 768.28, Florida Statutes. Under common law principles, a provider's status as either an agent of or independent contractor to the state depends on the degree of control the state exercises over the provider's performance of its duties.[11] The term "agency" as it applies in a principal/agent relationship has been interpreted judicially to mean "a contract either express or implied upon a consideration, or a gratuitous undertaking, by which one of the parties confides to the other the management of some business to be transacted in his name or on his account, and by which that other assumes to do the business and render an account of it."[12]
The existence of an agency relationship is determined by the degree of control exercised by the principal over the agent.[13] It is the right of control, however, and not the actual control a principal chooses to exercise over the agent, that determines the relationship between the parties.[14] As the First District Court of Appeal stated in Farmers Merchants Bank v. Vocelle[15]:
"If the person serving is merely subject to the control or direction of the owner as to the result to be obtained, he is an independent contractor; if he is subject to the control or [sic] the person being served as to the means to be employed, he is not an independent contractor . . . It is the right of control, not actual control or actual interference with the work, which is significant in distinguishing between an independent contractor and a servant."
The agency relationship is created by consent of the parties to the agreement, and neither consideration nor compensation to the agent is essential.[16] In Attorney General Opinion 76-188, this office addressed whether independently insured private health institutions that volunteered their services to the Department of Health and Rehabilitative Services to administer the swine flu vaccine were agents of the department and, therefore, protected by section 768.28, Florida Statutes. This office was informed that the department alone selected the private institutions and had the authority to terminate the relationship. The department promulgated guidelines to be followed by the institutions and intended to monitor and control their performance to ensure that state and federal guidelines were followed. Based upon this information, this office concluded that the private health institutions were agents of the department and, therefore, entitled to the protections of section768.28, Florida Statutes.
In contrast, this office concluded in Attorney General Opinion 86-65 that volunteers transporting students and equipment to school activities who are not under the direction and control of the school board or superintendent are not governmental employees or agents for purposes of section 768.28(9)(a), Florida Statutes.[17]
Thus, while an independent contractor would not generally be considered an officer, employee, or agent of the conservation district for purposes of section 768.28, Florida Statutes, the determination of whether the Island Manager constitutes an agent of the conservation district will depend upon the degree of control the district exercises over the actions of the Island Manager.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, s. 1 of the Dog Island Conservation District Charter, setting forth the legislative intent.
[2] See, s. 4(7), of the Charter.
[3] See, s. 4(9)-(13) of the Charter.
[4] See, Art. X, s. 13, Fla. Const., stating that "[p]rovision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating."
[5] See, s. 768.28(5), Fla. Stat.
[6] See, s. 768.28(2), Fla. Stat.
[7] See, e.g., Ops. Att'y Gen. Fla. 81-57 (1981) (Southwestern Palm Beach County Hospital District is a corporation primarily acting as an instrumentality of the county within the definitional purview of s.768.28); 78-127 (1978) (Tampa Port Authority, created by special act, is within definitional purview and enacting terms of s. 768.28); 78-113 (1978) (East Beach Water Control District, a public corporation, is within the definitional purview of s. 768.28).
[8] 498 So.2d 911 (Fla. 1986).
[9] Id. at 913.
[10] See, District School Board of Lake County v. Talmadge,381 So.2d 698, 702-03 (Fla. 1980).
[11] See, Stoll v. Noel, 694 So.2d 701 (Fla. 1997); Sierra v.Associated Marine Institutes, Inc., 850 So.2d 582 (Fla. 2d DCA 2003).
[12] King v. Young, 107 So.2d 751, 753 (Fla. 2d DCA 1958).
[13] Collins v. Federated Mutual Implement and Hardware InsuranceCompany, 247 So.2d 461 (Fla. 4th DCA 1971), cert. denied, 249 So.2d 689
(Fla. 1971).
[14] Nazworth v. Swire Florida, Inc., 486 So.2d 637 (Fla. 1st DCA 1986).
[15] 106 So.2d 92, 95 (Fla. 1st DCA 1958). And see, La Grande v. B L Services, Inc., 432 So.2d 1364, 1365 (Fla. 1st DCA 1983) (decisive question is who has the right to direct what shall be done, and how and when it shall be done).
[16] Adelhelm v. Dougherty, 176 So. 775 (Fla. 1937).
[17] Compare, s. 768.1355, Fla. Stat., the Florida Volunteer Protection Act; and Part IV, Ch. 110, Fla. Stat., relating to volunteers.