HAZOURI, J.
This appeal arises out of seventeen separate lawsuits which were filed against Nova Southeastern University, Inc. d/b/a Ralph J. Baudhuin Oral School (hereinafter referred to as “Nova”) involving a series of incidents occurring at Nova between October of 1996 and March of 1997. The cases were randomly assigned to several different trial judges. However, all seventeen lawsuits were subsequently transferred and consolidated before Judge Leonard Fleet. After consolidation, Nova filed a Motion for Summary Judgment al *617 leging that it was entitled to sovereign immunity under section 768.28, Florida Statutes (2002), as an “agent” of the School Board of Broward County. The trial court granted the motion and entered Summary Final Judgment in favor of Nova. Plaintiffs and the School Board (as an intervenor) argue that the trial court erred in entering summary judgment in favor of Nova because Nova did not establish conclusively that it was an agent of the School Board entitled to protection under the sovereign immunity provisions of section 768.28. We agree and reverse.
The standard of review for the entry of summary judgment is de novo. See Volu-sia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id.
The Baudhuin School is a private preschool established by Nova. It provides special education to pre-kindergarten students with disabilities. Plaintiffs allege that during the 1996-1997 school year their minor children were sexually assaulted by Daniel Donohue, a volunteer at Nova, while those children were under the care and supervision of Nova. The Complaints contain causes of action for negligent hiring, negligent retention, negligent supervision, negligence and negligence per se, and respondeat superior. In its Answers to the Complaints, Nova admitted that it failed to conduct a criminal background cheek on Donohue,[1] but otherwise denied responsibility. Additionally, Nova asserted several defenses, including that it was an agent of the School Board and thus entitled to sovereign immunity under section 768.28.
Section 768.28 sets out the waiver of sovereign immunity in tort actions and the relevant limitations on damages. Section 768.28(9)(a), provides in pertinent part:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function.
The immunity in section 768.28(9)(a) extends to certain private parties who are involved in contractual relationships with the state, provided that such parties are “agents” of .the state. See Stoll v. Noel, 694 So.2d 701 (Fla.1997). Whether the party being contracted with is an agent of the state turns on the degree of control retained or exercised by the state agency. Agency status is a question of fact, except in those cases where the party opposing summary judgment is unable to point to any conflicting facts or inferences to be drawn from the facts. See McFeely v. Prudential Healthcare Plan, Inc., 843 So.2d 1023 (Fla. 1st DCA 2003).
Nova alleges that it is an agent of the School Board due to the contractual relationship between the parties. The School Board entered into a contract with Nova to *618 provide preschool services to low income children with special needs. The contract is entitled “Cooperative Agreement for Students Ages Three to Five Who Have Disabilities or Are Disadvantaged.” This agreement was entered into based on the School Board’s recognition of the advantage to be gained from working cooperatively with community agencies to increase the number of pre-kindergarten children with disabilities who receive special education and Nova’s ability to provide such education. Nova argues that this court should affirm the summary judgment because it conclusively established that the School Board maintained significant control over the program, therefore making Nova its “agent.”
The Florida Supreme Court addressed the issue of extending sovereign immunity to state “agents” in Stoll. There, the plaintiffs filed suit against physicians working at a facility (CMS) run by the Florida Department of Health and Rehabilitative Services (HRS). See Stoll, 694 So.2d at 702. The physicians asserted the defense that they were employees or agents of the state through HRS and therefore immune from liability and suit. The Supreme Court stated that the issue of whether the physicians were agents of the state turned on the degree of control retained or exercised by CMS. Id. at 703. The right to control depends upon the terms of the employment contract. The employment contract between CMS and the physicians required each physician to agree to abide by the terms in the HRS Manual and CMS guide. The CMS guide contained provisions which gave CMS the following control over the physicians’ actions: all services provided to patients must be authorized in advance by the clinic medical director; CMS had the responsibility to supervise and direct the medical care of all patients; and the CMS medical director had absolute authority over payment for treatments proposed by the physicians. In addition, HRS acknowledged that the manual created an agency relationship between CMS and the physicians and acknowledged full financial responsibility for the physicians’ actions. The Court stated that HRS’s interpretation of its manual was entitled to judicial deference and great weight. Based on the significant control set out in the employment contract and on HRS’s acknowledgment, the Court held that the physicians were clearly acting as agents of the state and therefore entitled to summary judgment in their favor. Id.
Since the Florida Supreme Court’s decision in Stoll, this court has issued opinions in two similar cases in which the facts were distinguishable from Stoll. In the first case, Theodore v. Graham, 733 So.2d 538 (Fla. 4th DCA 1999), the plaintiffs filed suit against Dr. Graham, a staff physician at St. Mary’s hospital and the director of the Regional Perinatal Intensive Care Center (RPICC) which was located within and operated by St. Mary’s hospital. Id. at 539. Dr. Graham asserted the defense of sovereign immunity under section 768.28. The trial court granted summary judgment in favor of Dr. Graham based on Stoll. On appeal, this court distinguished the facts of Stoll on the basis that the employment contract did not contain the extensive control over the patients’ course of treatment that was present in Stoll. Id. at 540. Even though HRS had enacted administrative rules to govern regional perinatal intensive care centers, the rules gave a lot of control to the directors of the centers regarding patient care and treatment. In addition, under the terms of Dr. Graham’s contract with HRS, Dr. Graham agreed to be liable for claims, suits, and damages arising out of her negligent acts. “Unlike the situation presented in Stoll, no provision incorporated into Graham’s con *619 tract gave the government the right to control Graham’s decisions regarding patient treatment.” Id. HRS never attempted to dictate policies or procedures regarding how the government wanted her to diagnose or handle patients. Id. at 541. This court held that there is at least a question of fact whether Dr. Graham was • an agent of the state entitled to the section 768.28 defense of sovereign immunity and reversed the entry of summary judgment. Id.
The second case is Robinson v. Linzer, 758 So.2d 1163 (Fla. 4th DCA 2000). In that case, the trial court entered summary judgment in favor of an emergency .room physician and his employer (Coastal) on the ground that they were agents of South Broward Hospital District and therefore entitled to sovereign immunity. On appeal, this court reversed. This court first looked to the contract provisions between Coastal and the Hospital District. One part of the agreement stated that the physician shall at all times be acting as the agent of the Hospital District and that the Hospital District shall exercise exclusive control or direction over the method and manner by which the physician performs his services. The agreement also stated that the physician would be immune from suit under section 768.28. However, this court held simply because Coastal and the Hospital District attempted to create ah agency status in the contract, the provision does not necessarily control. Id. at 1164. It is the actual relationship which determines whether there is an agency. This court also noted that the agreement contained a provision stating that the emergency room medical director who ■ was hired by Coastal was responsible for the day-to-day management and supervision of the emergency room physician. In addition, the evidence established that. Coastal hired and paid the salaries of the physicians. This court held that the case was factually distinguishable from Stoll, and that there were issues of fact precluding summary judgment.
In the instant case, Plaintiffs argue that the School Board did not exercise the significant control over Nova that was present in Stoll. We first examine the terms of the agreement between Nova and the School Board. Pursuant to the agreement, the School Board is obligated to perform several duties, including, but not limited to:
• Pay Nova a stipend for each eligible student;
• Offer training and information to Nova’s instructional staff;
• Provide a determination of students eligible for the program.
• Provide guidelines for medically related health services practices and procedures and training to identify such practices;
• Provide technical assistance to Nova in interpreting and implementing State Board of Education Rules and School Board policies related to eligibility and placement of students with disabilities;
• Organize, coordinate and conduct pre-eligibility screenings;
• Refer any complaints or grievances regarding the provision of educational services to Nova immediately for proper action.
In exchange, Nova agrees to perform several obligations, including but not limited to:
• Provide a 30 day summer school program and a 180 day instructional program for students with disabilities;
• Provide certified teachers;
• Provide classroom furniture, equipment, and instructional materials;
• Provide supervision and evaluation of the instructional staff;
*620 • Ensure that an individual educational plan with specific educational objectives has been established for each disabled student;
• Resolve any complaints or grievances;
• Comply with local and state standards for health and safety of students.
The agreement also states that the School Board reserves the right to review Nova’s instructional program, audit records, and bookkeeping procedures to determine compliance with the contract.
Reviewing the terms of the agreement, it is clear that the School Board has a financial obligation to Nova, but it is not clear that the School Board intended to retain extensive control over the program. Although the agreement requires Nova to follow certain School Board policies and guidelines, it appears to give Nova full control over the following: providing an appropriate educational program; interviewing and hiring employees; supervising and evaluating employees; the physical environment of the school; and resolving any complaints or grievances. The School Board retained control only over the screening and admission of students to the program.
There is another important provision in the agreement regarding the School Board’s intent not to enter into an agency relationship with Nova. The agreement contains the following provision:
Each party assumes responsibility for the negligence of its own respective employees, appointees, or agents; and, in the event of any claims for damages or lawsuits for any remedy, each party will defend its own respective employees, appointees, or agents.
Plaintiffs and the School Board argue that this provision clearly indicates that the parties did not intend for Nova to act as an agent of the School Board. However, as discussed in Robinson, this provision is not determinative of the outcome, but is certainly a factor to consider as to the existence of an agency relationship. Based on the agreement between the parties and the affidavits submitted by all parties, we conclude that the trial court’s determination that there were no material issues of fact as to whether Nova was an agent of the School Board is erroneous.
Nova also makes the argument that it is necessarily an agent of the School Board because the School Board has a non-delegable duty to provide preschool education to children with special needs. We disagree. The non-delegable duty doctrine represents a narrow exception to the rule that an “employer” who retains an independent contractor is not liable for the negligent acts of that contractor. See Carrasquilla v. Holiday Carpet Serv., Inc., 615 So.2d 862, 863 (Fla. 3d DCA 1993). Where there is a non-delegable duty, the employer hiring an independent contractor to perform services encompassed within that duty is vicariously liable when those services are performed negligently. Id.; see also U.S. Sec. Servs. Corp. v. Ramada Inn, Inc., 665 So.2d 268, 269 (Fla. 3d DCA 1996). Nova has failed to establish that the School Board had a non-delegable duty to provide pre-school services to children with disabilities. However, even if the School Board had such a duty, the doctrine of non-delegable duty would create liability for the School Board but not absolve Nova of its negligence.
Finally, we decline to address the interlocutory orders entered by the trial court in response to plaintiffs’ Motions for Leave to Amend To Add Claims for Punitive Damages. Before the cases were consolidated, plaintiffs in four cases filed Motions For Leave To Amend To Add Claims For Punitive Damages, two were denied and two were granted in part. Plaintiffs ap *621 peal the orders denying plaintiffs leave to amend and Nova cross-appeals the orders entered in two of the cases granting plaintiffs leave to amend. With regard to the orders denying the motions to amend, plaintiffs will have adequate opportunity, especially now that the cases are consolidated, to renew their motions. In addition, the orders will still be reviewable upon entry of the ultimate final judgment. See generally Murphy White Dairy, Inc. v. J.F. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981). With regard to the orders granting leave to amend, we decline to exercise jurisdiction since it has not been alleged that the trial court failed to adhere to the procedural requirements of section 768.72, Florida Statutes (2002). See generally Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995).
REVERSED.
GUNTHER and STEVENSON, JJ., concur.

. Donohue had previously been twice convicted of lewd and lascivious acts on children in California.