Dear Mr. Hopkins and Mr. Stillwell,
On behalf of your clients you ask the following question:
Is the Citrus Memorial Health Foundation, Inc., which leases and operates a hospital owned by the Citrus County Hospital Board, an independent special taxing district, entitled to sovereign immunity under the provisions of section 768.28, Florida Statutes?
In accordance with section 13, Article X, Florida Constitution, the provisions of section 768.28, Florida Statutes, waives sovereign immunity for the state and its agencies and subdivisions to the extent specified therein.[1] Section768.28(2), Florida Statutes, defines "state agencies or subdivisions" for purposes of the statute to include "executive departments, the Legislature, the judicial branch . . . and the independent establishments of the state, . . . counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]"
The courts have recognized that a hospital district, created as a special taxing district and charged with the responsibility to provide for the public health and good of the citizens within the district, constitutes an "independent establishment of the state" for purposes of section 768.28, Florida Statutes.[2] The Florida Supreme Court has also recognized that the immunity provided in section 768.28, Florida Statutes, extends to certain private parties who are involved in contractual relationships with the State, provided that such parties are acting as agents of the State.[3] Whether such contracted parties "are agents of the state turns on the degree of control retained or exercised by [a state agency]."[4]
In Attorney General Opinion 05-24, this office concluded that the Bert Fish Medical Center, Inc., a not-for-profit corporation created for the purpose of operating hospitals and other health care facilities situated within the geographic boundaries of the Southeast Volusia Hospital District, appeared to be subject to the sovereign immunity provisions of section 768.28, Florida Statutes.[5] The district had reorganized its operations under the provisions of section 155.40, Florida Statutes, and formed the not-for-profit corporation and was its sole member. The district's governing board comprised the membership of the corporation's board, although four additional members could be designated to serve. In addition, the lease agreement provided that the obligations of the corporation were "a transfer of a government function" from the district to the corporation and that the corporation, in carrying out its obligations under the agreement, was considered to be "acting on behalf of" the district as that term is used in section 155.40. The lease also required the corporation to provide the district with various financial reports.
The Citrus County Hospital Board (Board), was created as an independent special district for the purpose of operating public hospitals and related facilities within the county primarily to serve the citizens and residents of the county.[6]
According to your letter, the Board created the Citrus Memorial Health Foundation, Inc. (Foundation), as a not-for-profit corporation with the Board as its sole member,[7] to carry out the purpose of the act creating the Board. You state that the lease agreement provides that the obligations of the corporation are considered to be a transfer of a government function from the Board to the Foundation and the Foundation, in carrying out its obligations under the agreement, is considered to be "acting on behalf of" the Board as that term is used in section 155.40, Florida Statutes.
You further state that the Board has agreed to appropriate sufficient funds, in an amount to be determined by the Board, to the Foundation to provide medical services to the residents of the county. The Foundation is required to submit an annual budget and various reports to the Board. The five members of the board of trustees of the Board serve on the board of directors of the Foundation, which consists of not less than ten or more than twelve members in addition to the medical staff director.[8] In the event of the Foundation's dissolution, its assets, after payment of its liabilities, revert to the Board.
In light of the above, I am of the opinion that the Citrus County Health Foundation is acting primarily as an instrumentality of the Citrus County Hospital Board for purposes of section 768.28, Florida Statutes, and thus would appear to be subject to the sovereign immunity provisions of that section.
Sincerely,
Charlie Crist, Attorney General
CC/tjw
[1] See s. 768.28(5), Fla. Stat., prescribing monetary limits of up to $100,000 on a claim or judgment by any one person and $200,000 when totaled with all other claims paid by the state arising out of the same incident or occurrence.
[2] See Eldred v. North Broward Hospital District,498 So. 2d 911, 912 (Fla. 1986).
[3] See, e.g., Stoll v. Noel, 694 So. 2d 701 (Fla. 1997).And see Sierra v. Associated Marine Institutes, Inc.,850 So. 2d 582 (Fla. 2nd DCA 2003).
[4] Stoll v. Noel, supra at 703. And see Shands TeachingHospital and Clinics, Inc. v. Lee, 478 So. 2d 77, 79 (Fla. 1st DCA 1985), stating that "there are no sharp criteria" for determining when a corporation is primarily acting as an instrumentality of the state.
[5] See also Op. Att'y Gen. Fla. 99-05 (1999). Compare Op. Att'y Gen. Fla. 02-71 (2002) (not-for-profit hospital corporation not formed by any other governmental agency, which received no district money other than payments for the care provided to indigent county residents, and provided no other governmental function, was not acting primarily as an instrumentality of the hospital district for purposes of s. 768.28, Fla. Stat.).
[6] See Ch. 99-442, Laws of Fla.
[7] Article VI of the Foundation's Articles of Incorporation.
[8] See Art. VII, s. 7.3 of the Foundation's Articles of Incorporation.