[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10795

_____

D. C. Docket No. 06-20467-CV-ASG

SHARON MORETTA, as guardian
of Isaiah Allen, a minor,

Plaintiff-Appellee,

versus

MARIA ABBOTT, Miami-Dad County Police
Officer, in her individual and official capacity,
YOLANDA RIVERA, Miami-Dade County Police
Officer, in her individual and official capacity,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 2, 2008)**

Before ANDERSON, HULL and SILER,* Circuit Judges.

PER CURIAM:

_____
*Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

Officers Abbott and Rivera (the "officers") file this interlocutory appeal from the district court's denial of their motion to dismiss plaintiff's second amended complaint asserting an excessive force claim pursuant to §1983. We have appellate jurisdiction of this interlocutory appeal.[1] We conclude that the district court did not err in denying the officers' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). We conclude that the district court correctly determined that plaintiffs have alleged excessive force that violates clearly established constitutional rights of Allen.

The complaint filed on behalf of Allen, a minor, alleged that the two officers shot Allen with a taser gun causing 50,000 volts of electricity to enter the body of Allen, a 6-year old, 53-pound child. Allen convulsed violently and vomited as his body was shocked with the 50,000 volts. The officers handcuffed Allen as he vomited. The complaint also alleged that the tasering caused severe, significant and permanent injury to Allen, including extreme mental and physical suffering

---

[1] Officer Rivera (but not Officer Abbott) also moved in the district court to dismiss plaintiff's state law claim against her for assault and battery, claiming that she is entitled to official immunity under Florida law. The district court denied Rivera's motion, and she now appeals. We have no appellate jurisdiction of Rivera's interlocutory appeal of Florida's state law official immunity. Jones v. Cannon, 174 F.3d 1271, 1293 (11th Cir. 1999); CSX Transp., Inc. v. Kissimmee Util. Auth., 153 F.3d 1283, 1286 (11th Cir. 1998); Dep't of Educ. v. Roe, 679 So.2d 756, 759 (Fla. 1996); but see Stoll v. Noel, 694 So.2d 701, 703 (Fla. 1997) (dicta indicating that Florida's official immunity is immunity from suit). We also decline to exercise pendent appellate jurisdiction.

and loss of bodily function, and has resulted in large doctors and hospital bills.

The other circumstances surrounding the taser incident are alleged to be as follows. Allen was removed from his classroom to the assistant principal's office for discipline after having been disruptive in class, and while locked in the office he broke a picture frame in frustration. School officials then called the police. In response to the 911 call, Officers Abbott and Rivera arrived at Allen's elementary school. They found Allen standing motionless and passive in the corner of the assistant principal's office. Allen at the time was a 6-year old child, in the first grade, standing 3 feet 5 inches tall, and weighing 53 pounds. He had a one-half inch piece of glass (from the broken picture frame) in his left hand. The district court made note of the following allegations of fact: that Allen "remained totally motionless and frightened while being confronted by the police officers," that one officer kneeled in front of him and that the other officer later sat in a chair directly in front of him, both in a non-defensive posture, and finally that just prior to the tasering, one officer positioned herself within one foot of the child. On the basis of the foregoing allegations of specific fact, the district court perceived reasonable inferences from the complaint that Allen had not threatened to harm himself with the very small piece of glass in his hand, nor made any confrontational gestures, nor reacted in an aggressive manner. District Court Order at 13-14. In other

3

words, the district court concluded that the reasonable inferences from the complaint were that: "[F]rom the moment the police officers arrived on the scene, through the time the officers deployed a taser into Allen's body and handcuffed him, Allen posed no threat to anyone's safety, including himself."[2] Id. at 18-19.

In this interlocutory appeal, we take as a given the facts assumed by the district court. In the Rule 12(b)(6) posture of this case, the district court properly assumed all reasonable inferences in favor of plaintiff from the allegations of the complaint. On these alleged facts and in this Rule 12(b)(6) posture, we agree with the district court that plaintiffs have alleged excessive force that violated the constitutional rights of Allen,[3] and we agree with the district court that the officers are not entitled to qualified immunity because their conduct violated the clearly established rights of Allen. Even in the absence of factually similar case law, an officer can have fair warning that his conduct is unconstitutional when the constitutional violation is obvious, sometimes referred to as "obvious clarity" cases. See United States v. Lanier, 520 U.S. 259, 271, 117 S. Ct. 1219, 1227 (1997); Vinyard v. Wilson, 311 F.3d 1340, 1350-51 (11th Cir. 2002). We conclude that, at the time of this incident in August of 2003, every reasonable officer would

---

[2] The complaint also expressly draws the same inference: that Allen was "posing no threat to himself or others." Second Amended Complaint, ¶39.

[3] The officers did not dispute the violation of Allen's constitutional rights, either in the district court or on appeal.

have known that the taser force used under these circumstances was unlawful. The conduct at issue here lies so obviously at the very core of what the Fourth Amendment prohibits, that the unlawfulness of the conduct was readily apparent to an official in the shoes of these officers. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1306-07 (11th Cir. 2006); Slicker v. Jackson, 215 F.3d 1225, 1227 (11th Cir. 2000); Priester v. City of Riviera Beach, 208 F.3d 919, 926-27 (11th Cir. 2000).

Accordingly, the judgment of the district court is

**AFFIRMED.**