DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PUBLIX SUPER MARKETS, INC.,**
Appellant,

v.

**JOSEPH SAFONTE,**
Appellee.

Nos. 4D2023-0216 and 4D2023-0815

[June 20, 2024]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE18-025607.

Edward G. Guedes and Lindsay Behnke of Weiss Serota Helfman Cole & Bierman, P.L., Coral Gables, for appellant.

Michael Ellis and Samuel Alexander of Alexander Appellate Law P.A., DeLand, for appellee.

ARTAU, J.

This case presents us with the question of whether a business establishment—Publix Super Markets ("Publix")—can be held either directly or vicariously liable for the negligence of an invitee ("the invitee") who negligently caused a slip and fall on the business premises without Publix having actual or constructive knowledge of the invitee's negligence. Because we answer the question in the negative, we reverse and remand for entry of judgment in favor of Publix.

**Background**

After the invitee completed a delivery for a contractor that was conducting repairs on Publix's premises, the invitee took a shopping cart and began shopping in his personal capacity. The invitee went to the dairy department's yogurt section where he picked up a few containers of yogurt and put them in his shopping cart's child seat.

While he continued shopping, a six-ounce yogurt container fell out of

the invitee's shopping cart and spilled onto the floor.  The container made a faint noise as it hit the ground.

Just before the container hit the ground, one of Publix's employees was restocking the shelves in the cheese section.  The employee was standing only a few feet from where the yogurt spilled, but he was facing the cheese section.  In other words, the employee's back was towards the spill location.  When the container hit the ground, the employee did not turn around or otherwise take any action indicating he heard, saw, or became aware that a yogurt container had fallen out of the invitee's shopping cart.  Rather, the employee continued restocking the shelves seemingly unaware that yogurt had spilled onto the floor behind him.

The invitee, however, bent over to pick up the yogurt container.  Without telling anyone about the spill, the invitee took what was left of the yogurt container back to the yogurt section to replace it.

Approximately two minutes later, Joseph Safonte ("the plaintiff") slipped and fell on the yogurt.  At that point, the employee stopped restocking the cheese shelves and came to his aid.  The plaintiff had yogurt on his clothing after the fall.  Moreover, there was a trail of yogurt starting at the spill location and running through the dairy department.

The plaintiff sued Publix for his injuries resulting from the fall.  Publix asserted a *Fabre* defense based on the invitee's negligence and requested that the invitee be listed on the jury verdict form as a *Fabre* defendant.[1]

The jury found that both Publix and the invitee were negligent.  The jury apportioned 40% of the fault to Publix and 60% to the invitee.  The plaintiff was awarded total compensatory damages of $241,460.00.

Publix moved for a directed verdict arguing the evidence was insufficient for a reasonable jury to conclude it had actual or constructive knowledge of the spill.  The trial court denied Publix's motion.

---

[1] "A '*Fabre* defendant' is a nonparty defendant whom a party defendant asserts is wholly or partially responsible for the negligence alleged."  *J.L. Prop. Owners Ass'n, Inc. v. Schnurr*, 336 So. 3d 291, 296 (Fla. 4th DCA 2022) (quoting *Royal Palm Hotel Prop., LLC v. Deutsche Lufthansa Aktiengesellschaft, Inc.*, 133 So. 3d 1108, 1110 n.1 (Fla. 3d DCA 2014)); *see also Fabre v. Marin*, 623 So. 2d 1182, 1187 (Fla. 1993), *receded from in part on other grounds in Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc.*, 659 So. 2d 249, 254 (Fla. 1995) (interpreting comparative fault statute as permitting the assertion of a *Fabre* defense to apportion damages based on each alleged tortfeasor's percentage of fault).

The plaintiff then moved to hold Publix jointly and severally liable for the invitee's negligence, arguing that Publix owed the plaintiff a non-delegable duty. The trial court granted the plaintiff's motion.

The trial court then entered a final judgment in the plaintiff's favor and a separate judgment taxing court costs against Publix. From these judgments, Publix appeals.

## Analysis

### I. Sufficiency of the Evidence

We review de novo an order denying a motion for directed verdict. *Vill. of Tequesta v. Luscavich*, 240 So. 3d 733, 738 (Fla. 4th DCA 2018).

The evidence on a motion for directed verdict is viewed "in [the] light most favorable to the non-moving party." *Stanley v. Marceaux*, 991 So. 2d 938, 940 (Fla. 4th DCA 2008). "A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party." *Vill. of Tequesta*, 240 So. 3d at 738 (quoting *Etheredge v. Walt Disney World Co.*, 999 So. 2d 669, 671 (Fla. 5th DCA 2008)).

"If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." § 768.0755(1), Fla. Stat. (2018).

Because no evidence indicated Publix had actual knowledge of the spill, our analysis focuses solely on why the evidence is insufficient to prove that Publix had constructive knowledge of the spill.

Section 768.0755(1) provides two ways in which a plaintiff can prove constructive knowledge. A plaintiff can prove "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition[.]" § 768.0755(1)(a), Fla. Stat. (2018). Alternatively, a plaintiff can prove "[t]he condition occurred with regularity and was therefore foreseeable." § 768.0755(1)(b), Fla. Stat. (2018).

Here, the evidence is insufficient to prove, under either section 768.0755(1)(a) or (b), that Publix had constructive knowledge of the spill.

3

## A. Length of Time

While there is no bright-line rule for how much time must elapse before constructive knowledge can be imputed to a defendant, "a reasonableness standard" governs whether "the dangerous condition existed sufficiently long enough that it would have been discovered in the exercise of reasonable care[.]" *McCarthy v. Broward Coll.*, 164 So. 3d 78, 81 (Fla. 4th DCA 2015).

Because the yogurt spill was on the floor for only two minutes before the plaintiff slipped on it while the employee was restocking the shelves with his back towards the spill, the spill could not have been discovered by Publix while exercising ordinary care. *See Speedway, LLC v. Cevallos*, 331 So. 3d 731, 735 (Fla. 4th DCA 2021) ("Constructive knowledge in this case was not proved by the amount of time the substance had been on the floor[] because the puddle was only on the concrete for 111 seconds before [the plaintiff] fell.").

Although the plaintiff argues the employee should have been aware of the spill because the yogurt container made a sound when it fell behind him, the evidence reflects that the container, which only weighed six ounces, did not make a loud noise as it fell onto the floor. Rather, the evidence reflects that the container only made a faint sound. We cannot infer that a reasonable employee would have heard the faint sound and could have taken action to prevent the plaintiff's fall during the two minutes the yogurt was on the floor.

Therefore, constructive knowledge of the spill cannot be imputed to Publix based on the short period of time that elapsed between the spill and the plaintiff's fall.

## B. Regularity of Condition

To prove a dangerous condition occurred with regularity, the plaintiff must provide "evidence of recurring or ongoing problems that could have resulted from operational negligence or negligent maintenance[.]" *Speedway, LLC*, 331 So. 3d at 735 (quoting *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 320 (Fla. 2001)). "The dispositive issue is whether the specific method of operation was negligent and whether the accident occurred as a result of that negligence." *Owens*, 802 So. 2d at 332.

But here, Publix was not responsible for the yogurt container falling out of the shopping cart and spilling onto the floor. Only the invitee was responsible for the yogurt container falling out of his shopping cart.

4

Therefore, the yogurt spill was not the result of a regularly occurring dangerous condition created by Publix that could support an imputation of constructive knowledge to Publix.

## II. Non-Delegable Duty Doctrine

Because the question of whether Publix can be held liable for the invitee's negligence is a pure question of law, the standard of review on this issue is de novo. *See D'Angelo v. Fitzmaurice*, 863 So. 2d 311, 314 (Fla. 2003) ("The standard of review for the pure questions of law before us is de novo.").

A business establishment owes a non-delegable duty to an invitee "to maintain the premises in a safe condition." *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 431 (Fla. 4th DCA 2014). "[A] breach of [this] duty is a form of direct liability, in which a business owner may be liable to the plaintiff for negligently failing to take reasonable efforts to maintain the premises in a safe condition." *Id.* Thus, a business establishment is "directly liable to an injured invitee if reasonable efforts are not made to" comply with its duty of care. *Id.*

"The non-delegable duty doctrine represents a narrow exception to the rule that an 'employer' who retains an independent contractor is not liable for the negligent acts of that contractor." *M.S. v. Nova Se. Univ. Inc.*, 881 So. 2d 614, 620 (Fla. 4th DCA 2004). "Where there is a non-delegable duty, the employer hiring an independent contractor to perform services encompassed within that duty is vicariously liable when those services are performed negligently." *Id.*

Thus, the key question is whether the invitee was hired or retained by Publix to "perform services encompassed within [its] duty[.]" *Id.* If Publix had hired or retained the invitee to service its premises, Publix could have been "vicariously liable" under the non-delegable duty doctrine if "those services [were] performed negligently." *Id.*; *see also Pembroke Lakes*, 137 So. 3d at 430 ("When an owner owes a non-delegable duty of care to a plaintiff who obtains a verdict assigning negligence to the owner and a party contracted by the owner, the owner is jointly and severally liable for the negligence attributed to the contracted party.").

Here, Publix cannot be held liable for the invitee's negligence because Publix never hired or retained the invitee to perform its duty of maintaining the premises in a safe condition for its patrons.

While the invitee initially came to Publix to deliver an item to a

5

contractor conducting repairs at the supermarket, the invitee was never hired or retained to assume Publix's duty to maintain any of its premises, nor was he ever instructed or directed by Publix to maintain any of its premises during his visit to Publix. Rather, after his delivery, he simply began shopping in his personal capacity and was merely a customer with no responsibility to maintain Publix's premises at the time of the spill.

Therefore, the non-delegable duty doctrine does not apply. Accordingly, Publix cannot be held liable for the invitee's negligence.

## Conclusion

Section 768.0755 does not permit us to conclude that a business establishment is liable for the negligent acts of a customer or invitee in the absence of actual or constructive knowledge of a dangerous condition on its premises created by the customer or invitee. Dangerous conditions are often caused by such negligence. However, the Legislature made it abundantly clear in section 768.0755 that for a business establishment to be held liable, it must have actual or constructive knowledge of the dangerous condition.

Because the evidence is insufficient for a reasonable jury to conclude that Publix had actual or constructive knowledge of the yogurt spill, and Publix cannot be held liable for the invitee's negligence, we reverse the final judgment entered in the plaintiff's favor, as well as the separate judgment taxing costs against Publix.

On remand, the trial court is instructed to grant Publix's motion for directed verdict, deny the plaintiff's motion to hold Publix jointly and severally liable for the invitee's negligence, and enter judgment for Publix.

*Reversed and remanded with instructions.*

WARNER and LEVINE, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**